## STEDMAN *vs.* PATCHIN.

Where there are several causes of action embraced in the same complaint, and the recovery appears to be general, parol evidence is competent, to show upon which cause or causes of action specified the trial was had and judgment obtained

Such evidence does not contradict the record, unless the party is allowed to show that the judgment was upon a cause of action not specified in the complaint.

A vessel, while engaged in carrying freight and passengers between Buffalo and Chicago, touched at Cleveland, Ohio, where she was sized by the sheriff, under process issued out of the superior court of Cleveland, at the suit of one McE. upon a claim against the boat, under certain statutes of Ohio. To effect the release of the vessel the master executed a bond, under the statute, with the plaintiff and one P. as sureties, conditioned for the return of the boat to satisfy any judgment upon the claim of McE., or in default thereof, for its payment. The boat was thereupon released, and the defendant, the owner of the boat, being informed of the proceedings of the master, employed counsel and defended the suit commenced by McE., on his own account. *Held,* 1. That it was the duty of the master, from the necessity of the case, and was within his proper power, to execute the bond, and thus enable the vessel to proceed on its way.

2. That the defendant having sanctioned the act of giving the bond, as soon as it came to his knowledge, and proceeded to contest and defend the action in which the bond was given, this aproval and ratification of the execution of the bond was equivalent to an antecedent authority to the master.

3. That if the statutes under which the vessel was seized were valid as to the citizens of Ohio, they were equally valid as to all parties litigating in the courts of Ohio in proceedings founded upon them, no matter where such parties resided.

4. That the proceedings and seizure being, for aught that appeared, regular, under the statutes of Ohio, the defendant, by appearing and defending the action, became bound by the judgment of the court in favor of the validity of the plaintiff's claim. That even if he was in fact a bona fide purchaser, so that the claim upon the vessel was not valid as against him, still the judgment would be binding, as long as it remained unreversed; inasmuch as the court had jurisdiction of the subject matter, and of the parties to the action.

5. That the defendant being bound by the judgment that the claim of McE., the plaintiff in that action, against the vessel, was valid, the record of that judgment was conclusive against him, in an action by the plaintiff, for the reimbursement of money he had been compelled to pay as one of the sureties in the bond.

THIS action was brought to recover the sum of $978.52 paid by the plaintiff for and on account of the defend-

Stedman v. Patchin.

ant, in September, 1853. In 1850, the defendant, a resident of Buffalo, New York, was the owner of the steamboat A. D. Patchin, whereof one Whittaker was master. She was engaged in running from Buffalo to Chicago. In August of that year, while on a voyage from Buffalo to Chicago, full of passengers and freight, she touched at Cleveland, where she was seized by the sheriff of Cuyahoga county, at the suit of one McEwen, under process issued out of the superior court of Cleveland, a court of competent jurisdiction, upon an alleged claim against said boat for articles furnished in building, repairing and equipping her. The proceedings upon which the seizure was made, were authorized by certain statutes of Ohio, and are set out in the case. To effect the release of the boat, the master executed a bond under the statutes mentioned, conditioned for the return of the boat to satisfy any judgment upon the claim, or in default thereof, for its payment, and procured the plaintiff and one Price to join as sureties. The boat was thereupon released, and the defendant, being informed by the master of the proceedings, employed counsel and defended the suit on his own account. Such proceedings were had that judgment was entered against the boat in November, 1852, for $1808. Execution was issued thereon to the sheriff of the proper county, and returned by him January 12, 1853, that the boat could not be found. The boat was wrecked and lost on Lake Michigan in 1851. In February, 1853, an action was commenced against the plaintiff and his co-surety, on the bond, in the court of common pleas of Cuyahoga county, a court of competent jurisdiction, on which judgment was recovered against them May 17, 1853, for debt $3963.38, damages $1877.74, and costs $7.15, and execution was awarded. The sheriff of Cuyahoga county, to whom execution was delivered on this judgment, collected of the plaintiff thereon $978.52, September 5, 1853. The superior court of Cleveland was discontinued by statute, and its records, &c. transferred to

the court of common pleas. This action was tried before Mr. Justice Verplanck and a jury in the superior court of Buffalo, and a verdict rendered for the plaintiff for $1071.38, January 13, 1855, on which judgment was entered. The defendant filed a case and exceptions and appealed to the general term of that court, December 19, 1855. Two of the members of that court being disqualified to act, having been counsel in the case, it was certified to the supreme court. The case was heard at the general term in November, 1858, and a new trial granted. The action was tried before Mr. Justice GREENE and a jury, at a circuit court in Erie county, on the 13th of October, 1859, and a verdict rendered for the plaintiff for $1340.01; and the jury, in answer to special interrogatories, found also, 1st. That Whittaker, at the time he bonded the boat, had no direct authority to procure sureties, aside from his relation as master of said boat; and 2d. That the defendant subsequently ratified and sanctioned the bonding of the boat. On which judgment was entered for the plaintiff, November 21, 1859.

The defendant having tendered a bill of exceptions, appealed to this court from the judgment.

Two of the justices of the supreme court for the eighth district being disqualified for hearing said cause, it was by order of that court transferred for hearing before the general term of the seventh district.

*T. E. Cornwell,* for the appellant.

*A. P. Laning,* for the respondent.

*By the Court,* JOHNSON, J. The exception upon which a new trial was granted, when this cause was before this court, on a former occasion, in the eighth district, was fully obviated on the second trial at the circuit, by parol proof that the damages upon the trial of the action against the plain-

Stedman *v.* Patchin.

tiff on the bond, were assessed upon the bond only. This parol evidence was objected to, upon the trial, on the ground that it contradicted the record; and that objection is now insisted upon. But the parol evidence did not contradict the record. The bond was declared upon as one of the causes of action, and it is well settled that where there are several causes of action embraced in the same complaint, and the recovery appears to be general, parol evidence is competent to show upon which cause or causes of action specified the trial was had, and judgment obtained. (*Gardner* v. *Buckbee*, 3 *Cowen*, 120. *Wood* v. *Jackson*, 8 *Wend.* 9.) Such evidence does not contradict the record, unless the party is allowed to show that the judgment was upon a cause of action not specified in the complaint.

It is claimed, on the part of the defendant, that the bond in question, not being in exact conformity with the statute of Ohio, was void. The same objection was taken, and decided against the defendant, on the former appeal in this action, upon reasons which appear to me satisfactory, as they were to the court in which the case was decided. The bond, as respects its form and conditions, was good, if the proceedings under the statute were regular, and the statute itself valid.

There is no force in the objection that the bond is void, for want of authority in the master to execute it, in order to discharge the vessel from the warrant of seizure. I am inclined to the opinion that it was the duty of the master from the necessity of the case, and was within his proper power, to execute the bond in question and thus enable the vessel to proceed on its way with its passengers and freight. But whether this be so or not, the defendant sanctioned the act of giving the bond, as soon as it came to his knowledge, and proceeded to defend and contest the action in which such bond had been given. This is established by the verdict, and appears very clearly in the evidence. This approval and rat-

ification of the execution of the bond are equivalent to an antecedent authority, if such were necessary, and completely disposes of the question of want of authority.

I do not perceive the force of the defendant's position in his first point, that the Ohio statutes under which the vessel was seized were void as to citizens of this state. They certainly had no extra territorial force. But there were no proceedings under them out of the state of Ohio. The proceedings under those statutes were all in that state, and before its regularly constituted tribunals. If the statutes were valid as to the citizens of Ohio, they were equally valid as to all parties litigating in the courts of Ohio, in proceedings founded upon them, wherever such parties resided. (*Story's Conflict of Laws*, § 541.) The plain and elementary principle that every state has exclusive jurisdiction over its own remedial laws, and may make such provision as it deems suitable, for the collection of debts by attachment, or otherwise, within its own territory, and before its own tribunals, is admitted by Mullett, J. in *De Witt* v. *Burnett*, (3 *Barb*. 97.)

The only question which can, as it seems to me, legitimately arise is, whether the proceedings against the vessel were valid, and the judgment under them binding as against the defendant. Of course, the statute of Ohio could not create a lien upon a vessel lying in the waters of this state, for a debt created here, while the vessel was thus situated. But I do not see why the state of Ohio may not by statute give the creditor residing here, when he comes into that state, a right to attach such vessel whenever it may come there, to enforce the payment of such debt. The action in such a case is not to enforce a lien existing previously, but to create one by the service of the process upon the property. For aught that appears, the procedings and seizure were regular under the statute, and I think the defendant, by appearing and defending the action, became bound by the judgment, as respects the vessel seized, which was the party to the

Stedman *v.* Patchin.

record. He defended the action against his vessel, and was bound by the judgment of the court, that the plaintiff's claim was valid against it. Even if he was in fact a bona fide purchaser, so that the claim was not valid upon the vessel, as against him, under the statute, still the judgment would be binding as long as it remained unreversed, inasmuch as the court had jurisdiction of the subject matter and of the parties to the action. If he was bound, as I think he most clearly was, by the judgment that the plaintiff's claim in that action was valid against the vessel, the record of that judgment was conclusive against him in this action. This, I think, would follow as a necessary consequence. The plaintiff, upon that judgment, became entitled, as matter of unquestionable right, to the return of the vessel in satisfaction of the execution, or to payment of the amount of the judgment, in money, according to the condition of the bond. As the defendant did not return the vessel the bond was forfeited by him, and the plaintiff became liable to pay according to his undertaking. This liability has been enforced against him by action, and of course he must have his remedy against the defendant, to reimburse himself.

The objection taken to the record as evidence on the trial, on the ground that the certificate was signed by the deputy clerk instead of the clerk, was not well taken. The certificate of the presiding judge, that the attestation is in due form of law, is conclusive as to the authority of the deputy clerk to certify, in Ohio. (*Cowen & Hill's Notes*, 1132, 1133.)

I do not see that the plaintiff was under any obligation to give the defendant notice of the action against him, upon the bond. There was no defense to the action, as we can now plainly see. But if notice was necessary, it was given, as the jury have found, and as the evidence tends to show, in time to have enabled the defendant to defend, had he seen proper to do so.

I am of the opinion, therefore, that the court properly di-

rected the jury to find a verdict for the plaintiff, and that none of the exceptions taken to the charge, or to the refusal to charge as requested, are well taken.

The judgment must consequently be affirmed.

[MONROE GENERAL TERM, September 2, 1861. *Smith, Knox* and *Johnson,* Justices.]