## FOSTER *vs.* MILLINER and AMES.

The general rule is that a former adjudication is a bar, in a second suit between the same parties, not only as to all matters actually tried, but as to all matters which might have been tried, in the former suit, under the issues formed by the pleadings, also.

Where the record in the former suit shows that neither a counter-claim, nor matter set up by way of recoupment, in that suit, were litigated therein, as the defendant did not appear upon the trial, but suffered judgment to be taken against him by default, on the plaintiff's evidence, this will make no difference within the rule, *prima facie.* The matter being directly in issue, upon the pleadings, the neglect of the defendant in the action to appear and litigate it, will not save it from the bar.

A cause of action may be withdrawn, at or before the trial, and so may a distinct matter of defense, which is not necessarily a part of the plaintiff's case to overcome and establish, in order to make out his right to recover. And as to matters so waived or withdrawn, the trial and judgment are no bar.

Where, by a stipulation signed by the attorneys for the respective parties in a former action, a counter-claim set up by the defendant was expressly withdrawn from that action before trial, upon an agreement that it should be " without prejudice to the defendants' right to maintain an action thereon against the plaintiffs," and the same was not to be affected by the future litigation of that action; *Held,* that such stipulation was admissible in evidence in a second action between the same parties, brought by the de-

---

Foster *v.* Milliner.

---

fendant in the former action against the plaintiffs therein, to answer and overcome the *prima facie* evidence of the record of the former trial, and to show that the plaintiff's cause of action in the second suit was not in fact tried or determined in the former action.

Even if the judgment record were held to be conclusive evidence that the matters so withdrawn, were tried and determined in the former action, contrary to the actual fact, the defendants in the second action should be deemed *estopped* from using the record as evidence in bar, in the face of their written stipulation.  J. C. SMITH, J. dissented.

MOTION by the plaintiff for a new trial, on a case. The plaintiff in his complaint states, that in the fall of 1862, he entered into an agreement with the defendants, by which the defendants, in consideration of $700, agreed to repair, reconstruct, and rebuild a canal boat, known as the R. D. Varnum, in a good and workmanlike manner, and so that she should be fit and suitable to navigate and transport merchandise upon the Erie canal and Hudson river ; that the defendants did not observe their agreement, and failed to so repair and rebuild the said boat, by which the plaintiff sustained damages.

The defendants' answer first denies this complaint ; secondly, sets up the agreement therein stated in a modified form, or a modification of it ; and third, sets up that, they commenced an action on the 12th day of November, 1863, to recover of the plaintiff for the work, labor and services of the defendants done in pursuance of the agreement therein, (*i. e.* in said answer,) set forth ; that the plaintiff in this action put in his answer, and set up *as a defense in said action, by way of counter-claim*, the same cause of action set forth in the complaint in this action ; that there was a reply denying such *counter-claim*, put in by the now defendants ; that the action was brought to trial, and the now defendants recovered a judgment.

At the trial of the present action, the plaintiff proved his case and rested. The defendants then read in evidence a judgment roll in an action in which they were plaintiffs, and the present plaintiff was defendant. The first count of the

complaint in such action, is for work and labor done, and goods and wares and merchandise sold and delivered, to the amount of $171. The second count is upon a promisory note, dated June 15, 1863, for $305.73. To this the defendant answered, first, a denial; second, payment; and third, set forth the making of the agreement stated in the complaint in this action, and the breach thereof; that by reason of such breach the defendant had been put to $500 expense in repairing the said boat, and making her fit for use; that the defendant had paid $500 in cash on the contract, and gave the note in question, as a further consideration of said repairs, and the defendant claimed that the plaintiff was not, in consequence of such failure entitled to recover. The fourth defense set up substantially the same matters, expressing it to be by way of counter-claim. To this there was a reply, denying the same. The defendant failed to appear on the trial, and judgment passed against him. On the trial of this action it was conceded that the causes "of action stated in the suit of Milliner and Ames against Foster, were given for and were founded upon the repairs to the boat made under the contract set forth in the answer in that action, and that the matters of defense in that action were the same as the cause of action in this suit." The plaintiff objected to the reception of this evidence for the following reasons: On the ground that it was incompetent, and that it did not show that any of the matters therein set up in the answer as a defense, or counter-claim, had in the trial of said action, been passed upon, or in any manner adjudicated, and that it did not bar this action, and also that it showed affirmatively that they had not been adjudicated, and also that it was in violation of a stipulation between the parties signed by their attorneys in said action, which stipulation he produced and read, and which is in the words and figures following:

[*Title of cause.*] "It is hereby stipulated and agreed, by and between the respective parties, that the counter-claim

set up in the defendants' answer, in this action, be withdrawn, and stricken out of the answer, without prejudice to defendant's right to maintain an action thereon against the plaintiffs, and the same is not to be affected by the future litigation of this action.

Dated April 10, 1865."

The said justice overruled the plaintiff's objections to the introduction in evidence of the judgment roll, and allowed the same to be read in evidence. To which decision the plaintiff's counsel duly excepted. The defendants' counsel then rested their case.

The plaintiff's counsel then offered to prove, and read in evidence, the stipulation heretofore set forth; to which the defendants' counsel objected; and the court sustained the objection, and the plaintiff's counsel excepted. The proofs were then closed, and the court thereupon decided that said judgment roll was a full bar to this action. To which decision the counsel for the plaintiff excepted. The court then directed the jury to render a verdict for the defendant. To all of which the plaintiff's counsel excepted. Whereupon the jury, under such instructions, returned into court, and rendered a verdict for the defendants.

And thereupon the said justice granted to the plaintiff a stay of proceedings for twenty days, to prepare and serve his exceptions, and directed the same to be heard in the first instance, at the general term, and the judgment to be in the meantime suspended.

*W. F. Cogswell,* for the plaintiff. I. The court erred in deciding that the judgment in the action, wherein the present defendants were plaintiffs, and the present plaintiff was defendant, was a bar to this action.

The following general principles will aid us in the investigation of the questions involved in this case: 1. The principle of *res adjudicata* is only applicable to matters directly adjudicated, and not matters which might have arisen inci-

Foster *v.* Milliner.

dentally or collaterally. It is not enough to estop a plaintiff from maintaining his action, that the matter upon which it is found might have been available in a former suit between the same parties. (*Smith* v. *Weeks,* 26 *Barb.* 463, *and the cases there cited.*) 2. A former adjudication is not conclusive upon a fact which, although alleged in the pleading, was not involved or passed upon in the adjudication. (*Sweet* v. *Tuttle,* 14 *N. Y. Rep.* 465.) 3. The criterion to determine whether the adjudication is upon the same point is : " Will the same evidence sustain the averment ?" (*Rice* v. *King,* 7 *John.* 20.) 4. If a party waive a distinct cause of action or defense, the judgment is not a bar. (*Louw* v. *Davis,* 13 *John.* 227.) The same thing is true if the action is founded on different causes of action, or the defense upon different matters of defense, and the party plaintiff or defendant, fails to appear, or gives no evidence as to such matters. (1 *Phillips on Ev.* 333, *and notes.*) When the converse of the matter, sought to be established in the second action, is *necessarily involved* in the establishment of the plaintiff's case in the first, the first judgment is a bar to the second action. (*Davis* v. *Tallcott,* 12 *N. Y. Rep.* 184.) Testing this case by these principles, I submit that it is clear that the action in favor of the present defendants, against the present plaintiff, did not involve the matter, or adjudicate the point involved in the present action. The pleading of the plaintiff did not involve it ; the pleading of the defendant did ; but it was waived by his omitting to appear and give any evidence in support of it, as well as by the stipulation. The case of *Davis* v. *Tallcott,* (12 *N. Y. Rep.* 184,) and upon which it is supposed this case was decided, not only does not aid the defendants, but is an authority against them. That was an action on a contract, for the recovery of damages for not making certain machinery within the time and in the manner provided for in said contract. The defendant had, before that, brought an action against the plaintiff to recover the money agreed to be paid, counting specially on

the same contract, and alleging, of course, full performance
on his part.   In that action the plaintiff recovered a judg-
ment against the defendant, which the Court of Appeals de-
cided was conclusive in the second action, that there had.
been no such breach as was alleged.   It will be noticed that,
in this case, the question of full and timely performance was
directly in issue on the plaintiff's complaint, and that case
was decided upon the ground that " *the question of perform-*
*ance was directly in issue, and must have been litigated.*
*That a recovery, without establishing the fact of perform-*
*ance, was a legal impossibility.*"   That this is entirely
inapplicable to our case, is obvious, by recurring to the plead-
ings.   The action is not on a special contract, and of course,
the question of performance, is not drawn in issue.

   The case of *Bellinger* v. *Craigue,* (31 *Barb.* 534,) was an
action brought against a physician to recover damages sus-
tained by his malpractice in reducing a fractured leg of the
plaintiff's wife.   The physician, before the trial, had recov-
ered a judgment against the plaintiff for his services in
attending to the fracture in question.   The court held that
the latter action was a bar to the first, upon the ground that,
as the engagement for skill and care was implied from the
very fact of the plaintiff's engagement in a professional
capacity, the complaint was to be deemed as alleging the
exercise of the same ; that the same would be put in issue by
a general denial, and therefore must be deemed as conclu-
sively found in favor of the physician.   This reasoning is
certainly very artificial, and not very satisfactory ; but it
does not militate against our right to recover.   The plead-
ings in that case did show a condition of things, from which
the law implied the engagements for skill and care, and it
was, because the same was shown in the pleading, that the
court held that it was necessarily established by the judg-
ment.   But nothing of the kind exists here.   It is a simple
action for work and labor, and upon a note, and so according
to the clear distinction taken by Judge Gardner, in *Davis* v.

*Tallcott*, established nothing inconsistent with the plaintiff's right to recover. I submit, however, that *Bellinger* v. *Craigue* is not law. It was decided by a divided court, and is put upon a ground which, I submit, is untenable. The judge, in the opinion, puts it broadly upon the ground, that the want of skill or the want of care, of the physician, in his attendance upon the particular case, might be given in evidence by the defendant, under a general denial, and concedes that, if it could not, then the judgment in favor of the physician would establish nothing. I submit that it is clear that it could not.

II. The court should have excluded the evidence of the judgment, in the case of *Milliner & Ames* v. *Foster*, or ruled that the defendants could not avail themselves of it in this action, on account of the stipulation. On the 10th day of April, 1865, the day before the action last referred to was brought to trial, *the parties agreed* that the counter-claim set up in the defendant's answer, should be withdrawn, without prejudice to the defendant's right to maintain an action thereon ; (*i. e. on the subject matter of such counter-claim,*) and that the same, *i. e. the action so to be brought,* is not to be affected by the future litigation of that action. Or, in other words, the parties agree that no action brought for the subject matter of that counter-claim, shall be affected by the result of that action from which it was withdrawn. This agreement, made upon a good consideration, the court will uphold none the less readily, because it was made through the instrumentality of its own officers. It was competent for the parties to agree, as they did, that the judgment in that action should not affect the present, and when the defendant had thereby secured the withdrawal of the substantial part of the defendant's case, and so obtained his judgment, he should not be allowed now to defraud the plaintiff out of what he had promised as the consideration of such withdrawal. He is estopped from doing this by an estoppel, quite as much

favored as an estoppel by record, and when there is "estoppel against estoppel, the matter is at large."

III. The third defense, in the case of *Milliner & Ames* v. *Foster*, was withdrawn by the stipulation, quite as much as the fourth. The matters are the same in both answers ; the formal conclusion is entirely immaterial and irrelevant. *Allen* v. *Haskins*, 5 *Duer*, 332. *Merritt* v. *Millard*, 5 *Bosw.* 645.) The parties have treated this in the same manner as is now claimed. The defendants, in their reply in the action in which they were plaintiffs, reply as well to the third as the fourth answer as to a counter-claim. But, as already shown, it appearing by the judgment roll, that no evidence was given to sustain this defense, the judgment, in which it was set up, in no way affects it.

*George Rathbun*, for the defendants. I. The court properly held that the judgment in the first suit, in favor of these defendants, against the plaintiff in this action was a bar to the plaintiff's action. The issues in the two cases, covering precisely the same matter, the judgment is final and conclusive. The plaintiff had the opportunity to try, and was bound to try all the issues growing out of this single transaction. (*Morris* v. *Floyd*, 5 *Barb.* 130, 132. *Norton* v. *Woods*, 22 *Wend.* 522. *Edwards* v. *Stewart*, 15 *Barb.* 67.) The defendants have a judgment against Foster, averring that he owed them $527.09, arising and growing out of the agreement to repair boat. The plaintiff, Foster, now seeks to recover a judgment against them, upon the ground that they were not entitled to recover any thing in that case. This, if correct, puts on record two judgments, contradicting each other, in regard to one agreement. This was never allowable. Judgments conclude parties, or there is no end to litigation. This question is settled by cases referred to ; and see, also, *Davis* v. *Tallcott*, 2 *Kern.* 188, 189. *Bellinger* v. *Craigue*, 31 *Barb.* 534.)

II. The $171 in the former suit was claimed as justly due

to Milliner & Ames for work, &c. The judgment record shows that the court held and determined that they were so entitled, and that they recovered judgment for the same. That record cannot be contradicted or explained. It is verity, and estops the plaintiff in this suit from recovering. (*Davis* v. *Tallcott,* 2 *Kern.* 184.) In this case, the party withdrew his claim for damages. (*Campbell* v. *Butts,* 3 *N. Y. Rep.* 173. *Embury* v. *Conner, Id.* 511. *Le Guen* v. *Gouverneur,* 1 *John. Cases,* 436. 12 *John.* 347.)

III. The stipulation was properly rejected, because it could not affect the verity of the judgment record, nor could it explain or contradict it. The object of the stipulation was simply to allow Foster to withdraw his answer of counter-claim and to stand in the same relation as if that defense had not been set out in his answer as his ground of defense. (*See* 2 *Kern.* 188, 189.) Parties cannot, if they try, by stipulation, change the legal operation and effect of a judgment in this court.

JOHNSON, J. If the defendants, under all the facts of the case, were entitled to use the record of the former trial in evidence, and to insist upon it, notwithstanding the stipulation between the parties, it must undoubtedly be held *prima facie* to bar the present action. The precise matter which forms the subject of this action, was, in the former action, set up in the answer of this plaintiff, to the complaint therein, both by way of recoupment, to prevent any recovery by the plaintiff therein, and as a counter-claim for the purpose of recovering damages, by the defendant, as affirmative relief. Issue was taken by publication, so that this identical matter was then in issue, and might properly have been tried and determined.

The general rule unquestionably is, that the former adjudication is a bar not only as to all matters actually tried, but as to all matters which might have been tried under the issues formed by the pleadings, also. (*Le Guen* v. *Gouver-*

*neur*, 1 *John. Cas.* 436. *Canfield* v. *Monger*, 12 *John.* 347. *Davis* v. *Tallcott*, 12 *N. Y. Rep.* 184.) Many other cases might be cited, but the general rule is too well established to need the citation of numerous decisions in its support.

The record here, shows that neither the counter-claim nor the matter by way of recoupment was litigated in the former action, as the defendant therein, the present plaintiff, did not appear upon the trial, but suffered judgment to be taken against him by default, on the plaintiff's evidence. But this makes no difference, within the rule, *prima facie.* The matter was directly in issue upon the pleadings, and the neglect of the defendant in the action to appear and litigate it does not save it from the bar. It is to be observed, however, that the case there tried was not like that of *Davis* v. *Tallcott*, (*supra*,) where the contrary of the matter set up by way of defense was necessarily established by the plaintiff in making out his cause of action, under the allegations in his complaint. In that case, the action was upon contract, and the plaintiff averred full performance on his part, and alleged a breach by the defendant. The defendant denied the performance alleged by the plaintiff. And it was held by the Court of Appeals that the plaintiff could not have recovered without proving complete performance on his part, and therefore the matter set up by way of recoupment and counter-claim were barred by the former trial, whether withdrawn by the defendant at the trial or not. Here the complaint in the former action was for work and labor and materials furnished generally, and the matters set up by way of defense and counter-claim were not necessarily involved in the proof necessary to make out the plaintiff's cause of action. The matter set up by way of defense, not being necessary, or at all involved, as part of the plaintiff's evidence, *prima facie*, it has not been tried, or passed upon, and would not be barred, except for the evidence furnished by the record, that it was expressly put in issue by the answer and reply. But it

appears by the stipulation signed by the attorneys for the respective parties in the former action, that the subject matter of the present action was expressly withdrawn from that action before trial, and upon an agreement that it should be " without prejudice to the defendant's right to maintain an action thereon against the plaintiffs, and the same is not to be affected by the future litigation of this action." By the express terms of the stipulation, the counter-claim so withdrawn was not to be affected by the subsequent trial and judgment in the action, and the plaintiff was not to be prejudiced thereby in his right to maintain an action against these defendants thereon. It is entirely clear that a cause of action may be withdrawn at or before the trial, and so may a distinct matter of defense, which is not necessarily a part of the plaintiffs' case to overcome, and establish, in order to make out his right to recover. And as to matters so waived or withdrawn, the trial and judgment are no bar. (*Snider* v. *Croy*, 2 *John.* 227. *Seddon* v. *Tutop*, 6 *Term R.* 607. *Kitchen* v. *Campbell*, 3 *Wils.* 304. *Brockway Kinney*, 2 *John.* 210. *Louw* v. *Davis*, 13 *id.* 227.)

The stipulation was offered in evidence to answer and overcome the *prima facie* evidence of the record of the former trial. It was objected to as evidence and excluded, but on what ground does not appear. The plaintiff was clearly entitled to this evidence for the purpose of showing that his present cause of action was not in fact tried or determined in the former action, but was, on the contrary, waived and withdrawn by the express consent and agreement of the other party. That the *prima facie* evidence afforded by the record may be controverted and disproved by parol evidence of what took place upon the trial in such a case, is abundantly established, as will be seen by the numerous authorities cited in *Cowen & Hill's Notes*, 838, 1839, where the whole subject is thoroughly discussed and examined. The evidence of the stipulation was therefore

improperly rejected. It would have shown that the counter-claim there, which is the subject of the present action, taken in connection with the record, was not, and could not have been, barred by that trial and judgment. It is now said that the matter was only withdrawn, so far as it was interposed in the former action, as a counter-claim ; and not so far as it was interposed by way of recoupment, merely, to prevent a recovery by the plaintiff, and that *prima facie* it was litigated to that extent, notwithstanding the withdrawal of the counter-claim as such, and that the evidence afforded by the record would not have been overcome by the evidence of the stipulation, but would still remain sufficient evidence to constitute a bar. It is true, that if the matter had been in fact used in that way, it would constitute a bar to this action. But, as has been before remarked, the record itself shows that the present plaintiff did not appear, at all, upon that trial, and no evidence was given in his behalf ; and this, in connection with the stipulation, would show conclusively that the whole matter was taken out of that case, and was not tried or passed upon in any form, or for any purpose.

But even if the rule were otherwise, and the judgment record was held to be conclusive evidence that the matters were there tried and determined, contrary to the actual fact, I should be prepared to hold, in such a case as this, that the defendants were estopped from using the record as evidence in bar, in the face of their written stipulation. It would operate as a gross fraud upon that agreement, to allow them to do so, after having escaped the peril of a defense to their action, by agreeing solemnly that the party should not be prejudiced by the trial and judgment if he would forbear to defend. The very object of estoppel is to prevent fraud. On either ground the evidence offered was erroneously excluded, and a new trial must be granted, with costs to abide the event.

E. D. SMITH, J. concurred.

J. C. SMITH, J. dissented from so much of the opinion, as holds that the defendants are estopped by their stipulation from using the record of the former judgment in bar, but concurred in the residue.

New trial granted.

[MONROE GENERAL TERM, March 2, 1868. *E. D. Smith,* *Johnson* and *J. C. Smith,* Justices.]