## Case No. 10,971.

In re PEOPLE'S SAFE-DEPOSIT & SAVINGS INST.

[10 Ben. 38; 18 N. B. R. 493; 26 Pittsb. Leg. J. 140.] [1]

District Court, N. D. New York.    June, 1878.

BANKRUPTCY—FORMER SUIT—ESTOPPEL.

B. proved a claim against a bankrupt. Before the bankruptcy proceedings were commenced, the bankrupt had sued B. for a debt, and B. had set up said claim in defence, as a distinct cause of action against the bankrupt. The suit was tried after the adjudication of bankruptcy, and, on the trial, B. offered no evidence in support of such defence, and the bankrupt had judgment against B. The assignee in bankruptcy was not a party to the suit. He set up the judgment as an estoppel against the proving of the claim by B.: Held, that it was not an estoppel.

In bankruptcy.

A. M. Beardsley, for Buchanan.

G. W. Adams, for the bankrupt.

WALLACE, District Judge. Except as regards the seventh item of the claim of Buchanan, I agree with the register in his conclu-

sions. As to the seventh item, the register holds that it should be allowed, were it not that, having set it up as a defence to the action brought by the bankrupt against him, and judgment having been recovered against him in that action, Buchanan is precluded from from proving it now, upon the doctrine of res adjudicata.

It is not disputed that Buchanan might have litigated the claim now presented in that action, but it is contended in his behalf that, as proceedings in bankruptcy were instituted, and the plaintiff adjudged a bankrupt prior to the trial of that action, the judgment does not estop the assignee, and, therefore, does not estop Buchanan; and it is also contended, that the recovery in that action is not a bar now, because Buchanan offered no evidence upon the trial in support of his defence, and, therefore, there was no adjudication upon the merits of his claim.

It is settled, that the commencement of proceedings in bankruptcy does not, per se, stay the prosecution of pending suits begun against the bankrupt. Eyser v. Gaff, 91 U. S. 521. Proceedings upon such suits may be stayed upon the application of the bankrupt, but, if they are not, the suits proceed to judgment with the same effect as though there had been no proceedings in bankruptcy. If the cause of action involved is of the character of a provable debt, the assignee in bankruptcy, if he desires to contest it, may do so at the charge of his estate. When the suit has been brought by the bankrupt, the assignee may move to be substituted in the action, and, if he does not elect to exercise this privilege, if the case proceeds, he cannot be heard to complain of the result. So, in the present case, if the judgment had been rendered in favor of Buchanan against the bankrupt, that judgment would have been conclusive as against the assignee in bankruptcy, as an adjudication of the validity and amount of Buchanan's claim, and, as it would have been conclusive as against the assignee, it is equally conclusive in his favor, against Buchanan, as to all questions therein determined in favor of the bankrupt.

It remains, then, to inquire if the effect of the judgment is qualified or rendered nugatory because no evidence was in fact offered by Buchanan relative to the issues set up by him by way of defence. The record, upon its face, purports to be a decision in favor of the plaintiff upon an issue between the parties, wherein the plaintiff alleges that the defendant is indebted to him, and defendant alleges that plaintiff is indebted to him—a result which apparently involves the conclusion that the claim of the defendant was unfounded; so that the claim of Buchanan seems to have been decided adversely to him, upon the face of the record. It does not follow, however, that he is precluded from showing that his claim was not actually the subject of judicial inquiry and determination. The general rule is, that the judgment

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 26 Pittsb. Leg. J. 140, contains only a partial report.]

or decree of a court of competent jurisdiction is final as to matters thereby determined, and as to such other matters as the parties might have litigated under the issues, and which might have been determined. This is the rule, however, which prevails in cases where the former judgment is invoked as an absolute bar to a second action upon the same cause of action, and does not apply to the present case, where the judgment is not set up as a technical bar, but is sought to be enforced as an adjudication adverse to the claimant upon an issue which might have been litigated in the former action. In its application to such a case, the rule is well stated by Mr. Justice Field (Cromwell v. County of Sac, 94 U. S. 352): "In all cases where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the former action, not what might have been thus litigated and determined."

While it is true that the claim of Buchanan might have been litigated in the former action, and while the presumption that it was actually litigated arises from the record, yet this is only a presumption, and it may be controverted and overthrown by proof dehors the record. A great variety of cases illustrate the extent to which the presumption arising from the record may be repelled; as, where the trial went off on a technical defect, or because the debt was not due, or because the plaintiff was under a temporary disability. Thus, it is competent to show that a nolle prosequi was entered as to a claim embraced in the pleadings, or that a part of the controversy was specifically withdrawn from the consideration of the court. Brockway v. Kinney, 2 Johns. 210; Snider v. Croy, Id. 227; Louw v. Davis, 13 Johns. 226; Foster v. Milliner, 50 Barb. 395 (in which case the judgment in the former suit is not, as to the claim withdrawn, a bar). It is not necessary to show that the cause of action was affirmatively withdrawn from the consideration of the court. It is only necessary that it appears that the real merits of the second action have not been decided in the first; and this follows, if it is shown that the second suit has not in fact been litigated in the first. Seddon v. Tutop, 6 Term R. 607. If the cause of action has been litigated, however slightly or ineffectually, it cannot be said that it might not have been determined. The case of Seddon v. Tutop was one where the plaintiff in a former action declared on a promissory note and for goods sold, but, upon executing a writ of inquiry, after judgment by default, gave no evidence on the count for goods sold, and it was held that the judgment was not a bar to his recovering for the goods in another action. This case has been recognized and approved by many authorities, and is directly in point here, where, as in Seddon v. Tutop, the proof is that no evidence was given concerning the issue now pending between the parties. Another case directly in point is Burwell v. Knight, 51 Barb. 267.

The effect of the judgment, as to the defence interposed by Buchanan, is analogous to that of a judgment by default upon failure of the party to appear. He was in court, but was silent. If the plaintiff could not have recovered without disproving expressly or by necessary implication, the existence of the facts set up by way of defence, the judgment would be an estoppel, because the estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. Burlen v. Shannon, 99 Mass. 203.

As an adjudication that Buchanan was liable to the plaintiff in the amount of the judgment, as for an existing and valid indebtedness, the judgment is conclusive; but it does not determine, expressly or by necessary implication, that the plaintiff was not liable to Buchanan upon a distinct and independent cause of action.

From these views it follows, that the claim of Buchanan comprised by the seventh item of his account must be allowed. As I agree with the register in his conclusions, and in the reasons by which they were reached relative to the other items of the claimant's account, it is unnecessary to advert to the questions therein involved.