Arnold *v.* Clark.

by the bankruptcy court from the regular order of procedure, invalidate the composition when pleaded as a defense to a collateral action. If the court of bankruptcy had jurisdiction of the proceedings when they were begun, its adjudication in favor of recording the resolutions accepting the composition is conclusive as to the regularity of every intermediate proceeding.

We do not now intimate any opinion as to the effect of the omission from the petition of any allegation as to the residence of the bankrupt. The Revised Statutes do not prescribe what the petition shall allege. Whether the petition was sufficient to confer jurisdiction, it not averring that Burr resided within the United States, we leave for future consideration. Nor do we now express any opinion as the effect of an offer of money in fulfillment of the terms of the composition, coupled with a demand for a receipt, and a refusal to pay the money unless a receipt were given. We do not determine whether a tender with a condition annexed is such a tender as will debar the creditor from claiming the full amount of his original claim.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.

---

ISIDORE ARNOLD, Respondent, *against* RICHARD S. CLARK, Appellant.

(Decided June 7th, 1880.)

Proceedings in an action will be stayed until payment of the costs of a previous action, between the same parties, only when it appears from the record that the actions are identical, and that the relief sought in each is similar.

A complaint alleged that the plaintiff hired from defendant certain premises, relying upon representations by defendant that they were tenantable and were fit for plaintiff's business ; that such representations were false ; that plaintiff threatened to leave the premises unless the

defendant should make suitable repairs, which the defendant agreed to make, but he neglected to do so ; that by reason of such neglect the plaintiff sustained personal injuries to his damage a certain sum, for which he prayed judgment. At the trial, the question arising whether the action should be regarded as *ex contractu* or *ex delicto*, the plaintiff elected that it should be held an action for negligence ; and thereupon the complaint was dismissed. In a subsequent action by the same plaintiff against the same defendant, the complaint set forth the former suit and the plaintiff's election therein that the action should be held one in tort, and averred the hiring of the premises and the representations by the defendant as in the previous complaint, and expenditures by the plaintiff for fixtures and improvements which had become a total loss to him ; it also alleged the subsequent agreement and the neglect of the defendant to perform it, and claimed damages for the falsity of the defendant's representations and the alleged breach on his part ; and for a second cause of action it alleged a covenant or agreement by defendant for quiet enjoyment of the premises by the plaintiff, and a breach thereof. *Held*, that a stay of proceedings in the latter action, until payment by the plaintiff of the costs of the former suit, should not be granted.

APPEAL from an order of this court, denying a motion for a stay of proceedings until the costs of a previous action between the same parties should be paid by the plaintiff.

The facts are stated in the opinion.

*Geo. E. Holt*, for appellant.

*Maybaum & Epstin*, for respondent.

LARREMORE, J.—This is an appeal from an order denying a motion made by the defendant to stay the proceedings on the part of the plaintiff, until the payment of the costs of a former action between the same parties.

To sustain this appeal it must appear from the record that the actions are identical, and that the relief sought in each is similar (*Barton* v. *Speis*, 73 N. Y. 133, and cases there cited).

The plaintiff sued the defendant in 1874 in the superior court of the city of New York, and alleged in his complaint therein that he hired from the defendant certain premises, relying upon the truth of representations made by him, that said premises were tenantable and were proper, fit and suitable for plaintiff's business ; that such representations were false and untrue ; that plaintiff threatened to leave the premises unless

the defendant made suitable repairs thereto, which he agreed, but neglected to do. That by reason of such neglect the defendant sustained personal injuries whereby he lost the use of his right arm and hand, suffered great pain, &c., and was prevented from attending to his business to his damage of $20,000, for which he prayed judgment. The defendant interposed a general denial to these facts, and the issues thus raised were brought to trial. The record shows that a doubt existed whether such action upon the pleadings and proofs should be regarded as *ex contractu* or *ex delicto*. The trial judge inclined to the view that the question was one of negligence, and upon plaintiff's election so treated it and dismissed the complaint, which ruling was affirmed by the general term of that court, and judgment rendered for $436 costs.

The plaintiff subsequently brought this action, setting forth in his complaint the former suit in the superior court and his election therein that it was in tort. He then avers the hiring of the premises in the manner and upon the representations above set forth, the expenditure of $400 for fixtures and improvements on the premises, which had become a total loss to him, and the subsequent agreement and neglect of plaintiff to make suitable repairs; and for the falsity of said representations and the alleged breach on defendant's part, he claims damages in the sum of $10,000.

For a second cause of action plaintiff avers a covenant or agreement by the defendant of quiet enjoyment of the premises, and a breach thereof to his, plaintiff's, damage of $10,000.

No demurrer was interposed to the complaint in the former action, and plaintiff's election on the trial thereof was made without objection or exception.

Whatever may be the merits of this action, they are not now a subject of consideration. The sole question is, were they involved or passed upon in the previous adjudication (*Sweet* v. *Tuttle*, 14 N. Y. 465; *Burwell* v. *Knight*, 51 Barb. 267; *Stowell* v. *Chamberlain*, 60 N. Y. 271).

Both actions necessarily arose from one cause, but this did not destroy the distinctiveness of their character. In the one, exemplary damages might be awarded; in the other, actual loss

only could be recovered. In the present action facts are alleged upon which such loss may be predicated. In this respect the actions differ, and are distinguishable from the class of cases upon which the appellant relies.

The plaintiff by exercising his election did not waive his present cause of action (*Louw* v. *Davis*, 13 Johns. 227; *Foster* v. *Milliner*, 50 Barb. 385; *Thompson* v. *Wood*, 1 Hilt. 93).

So far as the purposes of this appeal are involved, I am of opinion that the two actions are not identical, within the meaning and scope of the authorities, to sustain an injunction at this stage of the case, and that the order appealed from should be affirmed, with costs.

VAN BRUNT, J.—I concur in the result.

Order affirmed, with costs.