## WILLIAM E. LUCAS, Appellant, v. THE EAST STROUDS-BURG GLASS COMPANY (Limited), Respondent.

*Contract to deliver goods — construction of an agreement to fill orders given within a fixed period — set-off — when not allowed as against an assignee.*

The defendant, a glass manufacturing company, signed a memorandum, dated " Newark, N. J., Aug. 21, '79," agreeing to take from one Squier orders " during one year from date," for certain quantities of glassware therein specified, at prices named, delivered at Newark as ordered. The defendant having refused to deliver the glassware ordered by Squier, as provided in the contract, the plaintiff, to whom Squier had, on July 16, 1881, assigned his claim for damages, brought this action to recover the same.

On August 19, 1880, Squier made an order under the memorandum for glassware, with which the defendant failed to comply. Upon the trial of this case, the court charged that " the defendant was entitled to a reasonable time to fill each order given by Squier during the year of its existence, and that an order given for a large quantity of goods on the 19th day of August, 1880, when the contract by its terms expired on the 21st of August, 1880, was not given in time, and the defendant was not bound to fill it."

*Held*, error, that an order given on the nineteenth of August was within the terms of the agreement, and that the defendant could not refuse to fill it because it had not been given early enough to enable the company to do so before the expiration of the time mentioned in the agreement.

Before the assignment to the plaintiff was made, the defendant brought an action in New Jersey to recover the price of glassware ordered and delivered to Squier, in which the latter sought to recover the damages sustained by reason of the failure of the defendant to fill his orders as required by the agreement. Before the trial of that action, the assignment was made, for which reason the defense interposed by Squier in that action was, on the motion of the company, stricken out, and a judgment was rendered in its favor for $449.16 and costs.

Upon the first trial of this action, the General Term reversed a decision of the court below, holding that this judgment was a defense to the action. Upon the second trial, the said judgment was held to be a set-off or counter-claim against the claims for damages made by the plaintiff in this case.

*Held*, that this was error.

APPEAL by the plaintiff from a judgment, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*J. P. Osborne*, for the appellant.

*S. R. Ten Eyck*, for the respondent.

DANIELS, J.:

The action was for damages upon a contract for the sale of glassware. The contract was made between William S. Squier and the defendant. A memorandum of the agreement was subscribed on behalf of the defendant by its treasurer, concededly under its authority. This memorandum is as follows:

WILLIAM S. SQUIER.

"NEWARK, N. J., *August* 21, 1879.

"EAST STROUDSBURG GLASS COMPANY.

"GENTS. — I will take as follows during one year from date:

| | | | |
|---|---|---|---|
| 2,000, or more, gross | 2 oz. Cone's inks | $1 05 |
| 1,000 " " | 2 oz. Cone's mucilage | 1 06 |
| 500 " " | 3 oz. Cone's mucilage | 1 20 |
| 500 " " | 2 oz. Cone's monitor | 1 05 |
| 200 " " | pints P. O | 4 00 |
| 300 " " | quarts P. O | 5 25 |
| 100 " " | amber pints | 3 75 |

"Quarts, $5; and 8 oz., $2.15; 4 oz., $1.50.

" Amber or light green above, more or less, sixty days acceptance.

"(And will give you our moulds for the other bottles and other sizes.)

"Delivered to Newark as ordered.

"(Signed.)

"EAST STROUDSBURG GLASS CO.   [SEAL.]

"J. H. SHOTWELL,
"*Treasurer.*"

According to its terms the glassware was to be delivered at Newark as it was ordered. After the time had expired over which the agreement extended, and on the 16th of July, 1881, Squier assigned to the plaintiff all his right, interest and claim for damages sustained for the non-performance of the agreement by the defendant. And evidence was given during the progress of the trial tending to show that glassware of the quality and description mentioned in the memorandum was from time to time ordered by Squier from the defendant, and that it failed to comply with such orders. The market-price of the glassware advanced during the period mentioned in the agreement, and it was to recover the difference between the

price mentioned in the contract and the market-price upon the orders which the defendant had failed to fulfill, that this action was prosecuted.

On the 19th of August, 1880, Squier made an order under the memorandum for additional glassware of the description of that which the defendant agreed to sell and deliver to him, but that order was not complied with and the glassware was not delivered. And the court, in the submission of the case to the jury, held that " the defendant was entitled to a reasonable time to fill each order given by Squier during the year of its existence, and that an order given for a large quantity of goods on the 19th day of August, 1880, when the contract by its terms expired on the 21st of August, 1880, was not given in time and the defendant was not bound to fill it." To this portion of the charge of the judge presiding at the trial, an exception was taken. By the memorandum of the agreement which was entered into, the purchaser of the glassware was not required to make his order for its delivery at any specified period of time before the day fixed for the expiration of the contract; neither was it rendered necessary by anything contained in the memorandum that the glassware, which should be ordered, should be delivered before the expiration of that time, but what the defendant agreed to do was to deliver the glassware at Newark as it was ordered, and this agreement by its terms extended to the 21st of August, 1880. An order for glassware delivered on the 19th of August, 1880, was accordingly within the terms of the agreement, and the defendant could not refuse to fill it, because it had not been given early enough to enable that to be done before the expiration of the time mentioned in the agreement. The contract continued in full force until the expiration of the year, which certainly included all of the 20th of August, 1880. And, if Squier ordered glassware before that time, the contract authorized and empowered him to do so, and the obligation arose out of the agreement on the part of the defendant to fill the order, as soon as that, in the exercise of reasonable diligence, could be done. And it would not be exonerated from the performance of its obligation if its exertions should be required to be extended beyond the time mentioned in the agreement, to fully comply with the order. The proposition, therefore, as it was charged and submitted to the jury, was not

warranted by the agreement, and the exception taken on behalf of the plaintiff to this portion of the charge was well founded.

Before the assignment was made iby Squier to the plaintiff, and in the month of September, 1880, the defendant brought an action in the Circuit Court of Essex county, in the State of New Jersey, against Squier, to recover the price of glassware ordered by and delivered to him after the making of the agreement.    In that action Squier appeared, and with his plea, served a notice of recoupment, stating the intention to set up as a defense, the damages sustained by him through the failure of the company to comply with orders given by him under the agreement, from time to time, for the delivery of glassware.    But before a trial of the action was there had, the assignment was made of these claims to the plaintiff in this action.    The plaintiff in the action, in the court of New Jersey, having acquired knowledge of that assignment, applied to the court to strike out this defense, and upon proof of that fact, and that this action had been brought in this court for the recovery of the same damages, an order was made by the court, in the State of New Jersey, striking out the notice of recoupment served in that action. After that the action was tried with this defense excluded from it, and the judgment recovered in favor of the glass company, for the sum of $449.16, besides costs.    This judgment was relied upon as a defense to this action, but it was held not to be so by this court on a previous appeal, as to orders for the delivery of goods made under the contract which were not included in the action in the court of New Jersey.    But upon the second trial of this action this judgment was relied upon as a set-off or counter-claim against the claims made by the plaintiff for the recovery of damages under the agreement, and it was held to be a proper subject for that purpose, by the court at the trial.    The court was then requested to hold that this judgment could not be taken into account or treated as an off set, as it was recovered in 1882, after the assignment to the plaintiff of the cause of action sued on in this action.    That was refused by the court and an exception taken to the refusal by the counsel for the plaintiff.

The plaintiff in this action was in no manner a party to the action in the State of New Jersey.    The judgment was not recovered against him, but against his assignor, after the assignment itself had been

made and delivered, and this action had been commenced. Neither was the right either of the plaintiff, or of Squier himself, for damages for the failure of the company to perform the agreement, in any manner, tried or heard in the action in the State of New Jersey. The judgment, as has been already held, was consequently not a legal defense as a bar to the plaintiff's action. Upon that subject the courts have gone even farther than this court did in determining that the judgment was incapable of being used in that manner. For in *Wolfe* v. *Washburn* (6 Cow., 262) it was held that even the allowance of a demand as a set-off, in favor of a person not entitled to use it in that manner, was no bar to a subsequent action, by the party entitled to recover it, for its recovery. And in *Foster* v. *Milliner* (50 Barb., 385, 395) it was also held that, withdrawing a claim within the issue, before the completion of the trial, would prevent the judgment from being a defense to a subsequent action brought for its recovery. And to the same effect is the general principle that a judgment is only conclusive against the parties to the action in which it may be recovered, and those afterwards claiming under one or more of them. (*Case.* v. *Reeve*, 14 Johns., 79; *Campbell* v. *Hall*, 16 N. Y., 575, 579.)

That a judgment recovered in this manner, after the assignment of a counter-claim not included in the trial or determination of the action, cannot be relied upon as a defense by way of set-off or counter-claim in the action of the assignee was held in *Lowell* v. *Lane* (33 Barb., 292). The point considered and determined there was in all material respects the same as it has been presented here, and it was held that such a judgment could not be relied upon as a defense against the assignee. And a similar ruling was made in *Ogden* v. *Prentice* (33 Barb., 160). The point was likewise examined in *Martin* v. *Kunzmuller* (37 N. Y., 396); *Roberts* v. *Carter* 38 id., 107); *Perry* v. *Chester* (53 id., 240), and *Prouty* v. *Smith* (10 Hun, 232). And the principle upon which these cases were disposed of is directly in conflict with the right asserted by the defendant at the trial, to use this judgment as a set-off or counter-claim against the claims made by the plaintiff in this action. This principle does not permit that to be done, inasmuch as the rights of the defendant in the judgment wholly accrued after the plaintiff had acquired, through his assignment, the demands which his action was

brought to recover. And the provisions of the Code of Civil Procedure relating to counter-claims are no broader than this, so far as they might be invoked as applicable to a claim for the allowance of a judgment so recovered.

Under this explicit direction of the court, the jury had no discretion whatever left for them to act upon, but they were obliged to allow the amount recovered by the defendant against the assignor as an offset or counter-claim against the plaintiff in this action. This, as well as the other direction, not being supported by the authorities, require that the judgment and order should be reversed and a new trial directed, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order reversed, new trial ordered, costs to abide event.