(31 Misc. Rep. 559.)

## SANS v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. May 14, 1900.)

**1. JUDGMENT—RES JUDICATA—EVIDENCE.**

Where plaintiff had been wrongfully discharged from public service, and reinstated by mandamus, in an action to recover salary for the interval between his discharge and reinstatement, evidence of the justice who issued the peremptory writ of mandamus, that he had declined to assess plaintiff's damages in the proceeding on the papers submitted to him, was properly admitted, where defense was that it had been adjudicated in such proceeding.

**2. SAME.**

Code Civ. Proc. § 2088, provides that, where a return is made to an alternative writ of mandamus issued on the relation of a private person, the court, on making a final order for peremptory mandamus, must, if plaintiff so elects, award him the same damages against defendant that might be recovered in an action against him for a false return. In an action by plaintiff to recover salary for the interval between his wrongful discharge from public service and reinstatement by mandamus, the defense was that the justice who issued the mandamus had adjudicated against plaintiff's right to recover. In the mandamus proceeding plaintiff had asked to have his damages assessed, defendant objected, and the justice declined to assess the damages on the papers submitted to him, in which plaintiff acquiesced. *Held*, that the assessment of damages was permissive, and there was no adjudication of the matter.

**3. INTEREST—WHEN RECOVERABLE.**

Where plaintiff had been wrongfully discharged from the public service, and reinstated by mandamus, in an action to recover salary for the interval between his discharge and reinstatement interest will be allowed on the salary recovered from the time it ought to have been paid.

Action by Julius Sans, a veteran of the Civil War, against the city of New York, to recover salary for the interval between his wrongful discharge and reinstatement in the public service. Judgment for plaintiff.

Geo. F. Laughlin, for plaintiff.

John Whalen, Chas. Blandy, and C. A. O'Neil, for defendant.

McADAM, J. The plaintiff, a veteran of the Civil War, sues to recover the salary belonging to him during the interval between his wrongful discharge by the defendant and his reinstatement by means of a peremptory writ of mandamus. The defense is that the justice in the mandamus proceeding adjudicated against the plaintiff's right to the salary claimed. The justice who issued the writ testified that he declined to assess the plaintiff's damages in said proceeding on the papers submitted to him. This evidence did not tend to impeach the record, and was properly admitted. Wood v. Jackson, 8 Wend. 9; Stedman v. Patchin, 34 Barb. 218; Kerr v. Hays, 35 N. Y. 331–338; Insurance Co. v. Bishop, 1 Daly, 449–451. This was not an adjudication against the right of the plaintiff to recover damages by another remedy equally available to him, for two reasons: First. Adjudication means a solemn or deliberate determination of an issue by the judicial power after a hearing in respect to the matters claimed to have been adjudicated. No such hearing was had; for the justice not only declined on the papers presented to try the question of dam-

ages, as requested by the plaintiff, but rejected the issue tendered, heard no evidence as to damages, and made no finding in respect thereto. This action gives the plaintiff his first day in court on that subject. Second. The plaintiff acquiesced in this disposition of the matter by the justice, and thereby reserved to himself, as he lawfully might, the remedy available of having his damages assessed in a common-law action like the present. Hence People v. Wappingers Falls, 151 N. Y. 386, 45 N. E. 852, is inapplicable. Section 2088 of the Code of Civil Procedure provides that, "where a return has been made to an alternative writ of mandamus issued upon the relation of a private person, the court, upon making a final order for a peremptory mandamus, must also, if the relator so elects, award to the relator against the defendant who made the return the same damages, if any, which the relator might recover in an action against that defendant for a false return. * * * Where he is entitled to a final order, for any cause, he may require them to be assessed as in an action." This provision is permissive, not mandatory; concurrent, not exclusive; and gives a mere choice or election of remedies to the relator in the writ. The mere request to the justice to try the question of damages did not ripen into an election, and his declination to go into that question does not arise to the dignity of an adjudication upon the subject. A person elects between inconsistent remedies only when of his own free will he makes a choice to adopt and press the one he deems most favorable to his purpose. True, the plaintiff expressed his willingness to have his damages assessed by the justice who issued the writ, but the justice peremptorily declined to permit him to pursue that course. Having another remedy equally available to him, the plaintiff was not bound to compel the justice by writ of mandamus to do what he had declined to do. He had the right to acquiesce in the ruling of the justice, without waiving the legal remedy by action. The defendant, by objecting, did all it could to prevent the plaintiff from having his damages assessed by the justice who issued the writ, and it cannot complain that the plaintiff asks to have them assessed now by the ordinary legal method. Where a plaintiff in a former action joined two trespasses in the same count, and the court, on motion of the defendant, refused to allow him to proceed for both, and compelled him to elect between them, and the jury found damages accordingly, it was held not to bar a subsequent action brought for the trespass, which he was obliged to abandon. Snider v. Croy, 2 Johns. 227. See, also, Louw v. Davis, 13 Johns. 227; Foster v. Milliner, 50 Barb. 385. The right to recover upon the merits must be upheld on the authority of O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 142, and interest follows from the time the salary ought to have been paid. Judgment in favor of plaintiff.