[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 186 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 187 
The learned judge who tried this cause erred in determining that the judgment in the first suit *Page 188 
between these parties was not a bar to the present action; and in permitting the legal effect of the record to be explained or qualified by parol evidence of what then occurred before the referee.
The defendants in that action, the present plaintiffs, insisted upon the non-performance of the agreement upon the part of Tallcot and Canfield, the manufacturers of the machinery, for two purposes entirely distinct in their nature and object. First, as a complete defence to the action, by a denial of that which the makers of the machinery had averred and must prove before they could recover anything. Second, as a foundation for a claim in the nature of a cross action for damages to be deducted from the amount which the then plaintiffs might otherwise recover.
It is obvious that, by withdrawing their claim to damages, the then defendants did not waive their right to insist upon their defence. The plaintiffs, notwithstanding, must have established their title to the price stipulated, by proof that the machinery was made within the time and in the manner called for by the agreement; and the vendees were at liberty to meet and combat these proofs by counter evidence on their part. Now, this is precisely what was done, or rather the necessity for introducing evidence to sustain the action was superseded by the admission of the then defendants in open court, "that they were indebted to the manufactures for the causes of action mentioned in their complaint." As the cause of action and the indebtedness of the defendants were, by the complaint, made dependent on a full performance of the contract by the parties who instituted the suit, the concession of the defendants was equivalent to an admission on the record to that effect; and the report of the referee, followed by the judgment of the court, consequently estops the parties to that suit from ever after questioning that fact in any controversy arising upon the same agreement. (2 Cow. Hill N., 843: 10 Wend., 80; 3 Comst., 173.) In the suit now pending however, the *Page 189 
vendees bring their suit upon the same contract against the manufacturers, and aver a non-performance by the defendants as their sole cause of action. They have succeeded in the court below, notwithstanding the objection we have considered; and there are, consequently, two records in the same court between the same parties, each importing absolute verity, one of which affirms that the manufacturers "faithfully performed said agreement in every respect on or before the 7th of June, 1850;" the other, that "they did not perform it in any respect, at any time." This flat contradiction is attempted to be reconciled by the assertion, that the record in the first suit only shows that this point might have been, not that it was litigated. The answer is, that the record in that case proves that the question of performance was directly in issue, and must have been litigated; that a recovery, without establishing the fact of performance, was a legal impossibility. Again, the parol evidence, if admissible, only proves that the vendees did not rely upon a breach of the contract upon the part of the makers of the machinery to support their claim to recoup. This is the course they would naturally adopt, if their damages in their opinion exceeded the sum to be paid for the machinery. Their only remedy for the excess would depend upon defeating the action then pending, and subsequently suing on the agreement. That this was really the object of their legal adviser, is evidenced by the fact that while the manufacturers recovered in their suit less than six hundred and fifty dollars, the present plaintiffs have obtained judgment in the case under review for upwards of nine hundred dollars. The withdrawal of their claim to recoup was, therefore, not only consistent with the determination to insist upon a breach of the contract on the part of the manufacturers, in order to defeat the suit then pending, but this was indispensable to the ultimate recovery of their full damages in a subsequent action. If they have been badly advised, and in consequence were induced to admit what they should have *Page 190 
contested, it is no reason why they should now be permitted to impeach the record, or that a salutary rule of law should be bent to meet the supposed equity of their case.
If the above view is correct, the judge erred in admitting the parol evidence which forms the subject of the second exception. It was inadmissible for the purpose of contradicting the record (Campbell v. Butts, 3 Comst., 173, and cases therecited); and in any other view, it was, as I have attempted to show, entirely immaterial.
The judgment of the supreme court should be reversed.
JOHNSON, DENIO, SELDEN, ALLEN and EDWARDS, Js., concurred. RUGGLES and PARKER, Js., dissented.
Judgment reversed.