## Bascom *v.* Manning & a.

In an action of assumpsit brought to recover damages for a breach of warranty in the sale of a lot of cotton, it appeared that the plaintiff had pleaded the facts upon which his right of action depended in defence, *pro tanto*, of a suit brought against him for the price of the cotton, by the present defendants in Massachusetts ; that he afterwards suffered judgment to go against him by default in that suit, offering no evidence in support of his plea.    *Held*, that he was not estopped by the record and proceedings in Massachusetts from maintaining the present action.

Assumpsit, by Alonzo Bascom against Manning & Sears and trustee, to recover damages for breach of warranty in the sale of a lot of cotton.

The defendants sold to the plaintiff a lot of cotton by sample, and the same was forwarded to him in Jaffrey.    The plaintiff alleged that it did not correspond with the sample, that it was of an inferior grade, and declined to pay for it, unless the defendants would make a deduction, which they refused to do, and brought an action against the plaintiff in the superior court for Suffolk county, in the commonwealth of Massachusetts, to recover the agreed price of the cotton.    Said Bascom appeared and filed his answer in said action, wherein he set up, by way of defence, the facts on which he now relies to maintain this suit.    He afterwards filed an offer of judgment under secs. 62 and 63, ch. 129, of the General Statutes of Massachusetts.    Afterwards he made default in said action, and judgment was rendered thereon against him for the full amount of the plaintiffs' claim, which said judgment said Bascom has paid in full, and now brings this suit on the warranty for damages. The defendants contend, upon the foregoing statement of facts, that the claim in this suit is *res adjudicata*, and that the plaintiff is therefore not entitled to recover.

This case is submitted to the court upon the foregoing statement of

facts, reserving to either party the right of trial by jury, without prejudice from anything herein.

*Wheeler & Faulkner*, for the plaintiff.

1. "A judgment in a former action is conclusive only when the same cause of action has been once adjudicated between the same parties, or the same point has been put in issue upon the record and directly found by the verdict of the jury." *Gilbert* v. *Thompson*, 9 Cush. 348; *Dutton* v. *Woodman, ib.* 261; *King* v. *Chase*, 15 N. H. 9.

2. There has never been any adjudication upon the merits of the plaintiff's claim. After filing his answer, in which he alleges, as matter of partial defence, the same statement of facts which constitute his present cause of action, he became defaulted. His pleading was in the nature of a cross-action, and his neglect to prosecute the claim set up was equivalent, so far as that was concerned, to a nonsuit; and a nonsuit is no estoppel. *Brackett* v. *Hoitt*, 20 N. H. 257; *Holton* v. *Gleason*, 26 N. H. 505; *Demeritt* v. *Lyford*, 27 N. H. 548. A change in the form of declaration will, under some circumstances, prevent a judgment in one action from becoming a bar to another, although both suits are brought to recover substantially the same thing. *Gage* v. *Holmes*, 12 Gray 429. The case of *Bodurtha* v. *Phelon*, 13 Gray 413, would seem to be decisive of the question raised in this case.

*Morrison & Stanley*, for the defendants.

The only question raised by the case is as to the effect of the judgment in the suit between these parties in the superior court in Massachusetts. These defendants brought their suit there to recover the agreed price of the cotton specified in the declaration in this suit. This plaintiff appeared and answered to that suit, admitting the sale, alleging deceit in it, confessing that these defendants were entitled to recover a part of their claim. Subsequently, without any change in his answer, and without any leave to withdraw it, he suffered judgment by default, and execution was taken for the full amount claimed by these defendants. The defendants contend that the plaintiff is estopped to maintain this suit, by the judgment in the former suit against him. In *Demeritt* v. *Lyford*, 27 N. H. 547, the court say that it is settled here that the judgment of a court of competent jurisdiction, directly upon the point put in issue, is as a plea, a bar, or as evidence conclusive between the same parties and their privies upon the same matter directly in question, or incidentally in question for another purpose, in the same or any other court, except when the question is reexamined on appeal or other proceedings provided by law for its revision. There can be no doubt on this point. What was the effect of the judgment by default? In *Knox* v. *Waldoborough*, 5 Greenl. 185, the court say,—"A judgment on default is forever binding on the parties." But it is urged that the default of this plaintiff, after having

filed his answer alleging deceit and fraud in the sale of the cotton, is equivalent to a nonsuit, and so that the cause of action can be sued again.  We can find no case that sustains that view.  The case of *Davis* v. *Tallcot*, 12 N. Y. 184, is in point, and sustains our position.  In that case, it was held that where Tallcot sued Davis to recover the price of some machinery, and Davis alleged breaches on the part of Tallcot, and claimed to recoup damages, and at the trial expressly withdrew all claim for damages, and gave no evidence touching the alleged breaches, and the second suit was to recover damages for such breaches, that the plaintiff could not recover.  When judgment is taken by default, the adjudication will be conclusive of the existence and validity of the right or demand for which the suit is brought. Herman on Estoppel 191;—see, also, *Claggett* v. *Simes*, 25 N. H. 402; 2 Smith's Leading Cases, 6th American edition, 787, and authorities there cited; *Tilton* v. *Gordon*, 1 N. H. 33; *Stevens* v. *Miller*, 13 Gray 283.

The case of *Gilson* v. *Bingham*, decided by the supreme court of Vermont, reported in American Law Register for February, 1872, is directly in point, and is, as we think, decisive of this case.

LADD, J.   After Bascom had received the cotton, two courses were left open to him : he might either prove that it was of a quality inferior to the sample, and insist on the breach of the defendants, to reduce the damages in their action against him for the price ; or, he might pay the stipulated price, and bring a separate action against them for the damage to him resulting from the breach.  1 Smith's Lead. Cas. 35 ; *Cook* v. *Moseley*, 13 Wend. 277 ; *Brown* v. *Sayles*, 27 Vt. 227 ; *Street* v. *Blay*, 2 B. & Ad. 456 ; *Poulton* v. *Lattimore*, 9 B. & C. 259 ; *Mondel* v. *Steel*, 8 M. & W. 858 ; *Davis* v. *Hedges*, Law Rep., 6 Q. B. 687.

It appears that he did plead the facts upon which he bases the present action, in defence, *pro tanto*, to the suit brought against him by the defendants in Massachusetts for the price of the cotton.  He did not, however, insist on that defence by offering evidence in support of the plea, but finally suffered judgment to go against him by default for the whole of the agreed price.   Whether there was in fact a warranty, and if so, whether it was broken, and what amount of damages the plaintiff suffered thereby, are questions which were not, in point of fact, litigated in the Massachusetts suit, and are not therefore *res adjudicata*.   It is true, the plea which was not withdrawn raised these questions, and there was a judgment for the plaintiffs.   But the fact that the judgment was upon a default, makes it as certain that this counterclaim was not passed upon and settled by an actual adjudication as though the plea had been formally withdrawn.   The defendant, by suffering a default, evinced his determination in a very unequivocal manner not to proceed further with the litigation of his counter-claim in that suit; and when it is admitted that it was his legal right to insist on it there for the reduction of damages, or waive it there and

bring a separate action for its recovery, we see no reason why he might not exercise this right of election in the way he did as well as by refraining from interposing the plea at all. The right being admitted, how can the court say at what stage of the proceedings in Massachusetts, or in what manner, it must have been exercised, provided it was exercised at such a time and in such a manner as to make it sufficiently certain that the matter was not adjudicated ?

We have examined the cases referred to by the defendants' counsel, which are said to be in point the other way ; but both of those cases are placed distinctly on the ground that the facts sought to be proved as the basis of the suit for damages were in issue, and were settled by an actual adjudication in the former suit to recover the price.

The head note to *Davis* v. *Tallcot*, 12 N. Y. 184, correctly states the doctrine of the case, and is as follows : " A recovery in a suit upon an agreement, wherein the right to recover depended by the pleadings upon the truth of the allegations made in the complaint, and denied by the answer, that the plaintiff had fully performed the agreement, is a bar to an action brought subsequently by the defendant in the first suit against the plaintiff therein to recover damages for the alleged non-performance of the same agreement." The full performance of the agreement was the matter in issue, and the matter tried and settled in the first suit, and it was properly held that the same fact was not open to be tried again in another suit between the same parties in relation to the same subject-matter.

In the Vermont case of *Gilson* v. *Brigham*, Am. Law Reg., February, 1872, p. 78, there were two sufficient reasons why the plaintiff could not recover: first,—There had been a delivery by the defendant, and a clear acceptance by the plaintiffs of the article for the non-delivery of which the suit was brought; second,—The case shows that on the 8th day of August, 1865, the plaintiffs paid the defendant $200, as a full payment of the price of the article (which was a hearse that had been made to order by the defendant for the plaintiffs), and notified the defendant that they retained $10 as an abatement from the contract price for some deficiencies in the finish of the hearse. The defendant thereupon sued the plaintiffs for the $10 so abated and retained. The plaintiffs appeared, defended, and appealed the case, and were cast in the suit. The issue in that case was, Had these plaintiffs the right to retain that $10, as an abatement from the contract price? and it was decided against them ; and this suit is brought to recover back the same money which they have paid the defendant on that judgment.

After the above statement of facts, the learned judge (REDFIELD) somewhat scientifically observes,—" This perpetual oscillation by alternate suits of parties litigant upon the same subject-matter, if sustained, would be a judicial discovery of a perpetual motion which all philosophy has failed to reach ; " and the decision was accordingly put distinctly on the ground that " where a right of property has been once put in issue, *and legally tried*, it is in law ended."

*Rigge* v. *Burbidge & a.*, 15 M. & W. 598, was an action to recover damages for negligence of the defendants in the construction of a kitchen range for the plaintiff. The defendants pleaded that, in an action previously brought by them to recover the price of the range, the now plaintiff paid into court a sum which they took out in satisfaction of the cause of action.

The plea was held insufficient on demurrer, all the judges being of opinion that the defendant in the former action was not estopped by the facts stated in the plea from maintaining the present suit.

In *Bodurtha* v. *Phelon*, 13 Gray 413, the case was, that in an action brought before a justice of the peace on a note given for the price of a horse, the defendant relied on a breach of warranty, and at the trial introduced evidence of its unsoundness, &c., and so far prevailed that judgment was given for a part only of the note, from which judgment the plaintiff appealed to the court of common pleas, and the defendant was there defaulted, and the plaintiff took judgment for the whole note. It was held that the former judgment was no bar to an action on the warranty.

We think the plaintiff here is not estopped by the proceedings in the suit of these defendants against him, in Massachusetts, from maintaining the present action upon the alleged warranty of the cotton.

*Case discharged.*