ISAAC F. TYSEN, Respondent, *against* CHARLES H. TOMPKINS, Appellant.

(Decided June 6th, 1881.)

In an action before a justice of the peace to recover rent for two months, under a lease of certain premises for a year at a yearly rent payable monthly. the defendant's answer alleged an agreement between the plaintiff and the defendant that, as a condition of the defendant's leasing the premises, the plaintiff should make certain repairs, and that he had failed to make them. *Held*, that the judgment of the justice in favor of the plaintiff was conclusive against the defendant in another action previously brought against him by the same plaintiff for installments of rent due for previous months under the same lease, in which the defendant had set up the same agreement as a defense, with a counter-claim for damages to him from the alleged breach by the plaintiff; the justice's judgment having been pleaded by the plaintiff by way of supplemental reply, and established by proof at the trial.

The failure of a plaintiff who relies upon a former judgment in his favor by a justice of the peace, to show the authority of the attorney who appeared before the justice for the defendant against whom judgment was rendered, does not invalidate the judgment as a former adjudication, if the defendant does not disclaim such authority.

Tysen *v.* Tompkins.

APPEAL from a judgment of the general term of the Marine Court of the City of New York, affirming a judgment of that court entered upon the verdict of a jury rendered by direction of the court.

The action was brought in October, 1879, to recover from the defendant, rent for the months of May, June, July, August and September, 1879, of certain premises situated at New Brighton, Staten Island, which he alleged that he had rented to the defendant for a period of one year from the 1st of May, 1879, at the yearly rent of $1,200. The defendant answered the complaint of the plaintiff, alleging that in or about the month of March, 1879, the defendant made an agreement with the plaintiff whereby it was *mutually* agreed that upon the condition that the plaintiff would paint the house upon the premises described in the complaint, and do certain other repairs, the defendant would lease the said premises for a year from the 1st of May, 1879, at the yearly rent of $1,200 to be paid monthly, and that relying upon said agreement, the defendant entered into occupancy of said premises on or about the 1st of May, 1879. That the plaintiff in accordance with his agreement did certain repairs, but that, although repeatedly requested to do certain other repairs, he had failed to do so. The defendant then set up as a counter-claim, that because of his failure to repair the premises as he had agreed to do, the defendant was damaged to the amount of $500, for which amount he prayed judgment.

On the 18th day of February, 1880, a summons was issued by John Seaton, a justice of the peace of the town of Castleton, Richmond County, summoning the defendant in this action to answer the complaint of the plaintiff in this action on the 28th of February. This summons was personally served upon the defendant on the 21st of February. Upon the return day of the summons the plaintiff and defendant appeared in court, and the plaintiff claimed for two months' rent of the premises mentioned in the complaint in this action, namely, the rent for the months of November and December, at $100 per month, under a lease of the premises at $1,200 a year.

Tysen *v.* Tompkins.

The defendant filed his answer in writing, whereby he denied each and every allegation of the complaint, and alleged that it was expressly agreed by and between the parties to the action at the time of the alleged letting of the premises in question that there was not to be and there was not any agreement to let or take said premises or to pay any sum as rent for them, unless as a condition precedent to the said letting, the plaintiff should make certain repairs to said premises, which said plaintiff neglected and refused to make, and still refuses so to do, and that the reasonable use and occupation of said premises during the time in question was not worth more than $50 a month, and that the defendant suffered damages by reason of the plaintiff's aforesaid failure in the sum of $50. The case was thereupon adjourned to the 12th of March. Upon said day the plaintiff appeared in court and a Mr. Rawson appeared as attorney for the defendant and asked for an adjournment, which motion was denied. The plaintiff was thereupon examined as a witness and proved his complaint. Upon being cross-examined by the attorney for the defendant as to the facts set up in the answer as a defense, he denied the agreement, and judgment was thereupon rendered in favor of the plaintiff for the amount claimed.

In April, 1880, the plaintiff, for a supplemental reply to the counter-claim set forth in the answer, set up the judgment obtained in the justice's court above mentioned.

This cause coming on for trial before the court and jury, and the above mentioned justice's judgment having been established by evidence, the court held that that judgment was a bar to any defense which the defendant in this action had set out in his answer, and directed judgment for the plaintiff. An appeal having been taken by the defendant from such judgment to the general term of the Marine Court, it was affirmed. From the judgment entered upon such affirmance the defendant appealed to this court.

*George G. Munger,* for appellant.—I. The well settled rule that the judgment of a court of competent jurisdiction directly upon the point is, as a plea in bar or avoidance, conclu-

Tysen *v.* Tompkins.

sive between the same parties upon the same matter directly in question in another court (*Duchess of Kingston's Case*, 20 How. St. Tr. 355, 537; *Gardner* v. *Buckbee*, 3 Cow. 120), is not only not controverted by the appellant, but admitted to the fullest extent. A proper and intelligent application of the rule only is demanded.

As the term *res adjudicata* itself implies, the "matter" must have been passed upon and adjudicated, either expressly, that is, as matter of fact, or inferentially, as matter of law. It is not enough that there was an opportunity for adjudication, or that it might have been passed upon. This alone does not make an adjudication.

Where the defense to a claim is of a dependent character, like conditions precedent in a contract, or is so interwoven with the claim that an adjudication of such claim necessarily involves a declaration, express or implied, upon the defendant's charge or claim, as where an action is brought for the value of services, and there may be a claim that the services were unskillfully performed, by which damage has resulted, the claims and defenses, or antagonistic claims, cannot be separated or split up and made the subject of different actions within this rule of *res adjudicata*. Of such a character were the cases of *Gates* v. *Preston* (41 N. Y. 113); *Blair* v. *Bartlett* (75 N. Y. 150); and *Dunham* v. *Bower* (77 N. Y. 76). If, on the other hand, the "matter" was independent matter, not inherently connected with the matter which was passed upon, or a part of it in nature and substance, the fact that it was properly pleaded, and could have been duly brought to the attention of the prior court, does not make it *res adjudicata*, if the party who might have availed himself of this privilege did not choose to profit by his right to this extent (*Smith* v. *Weeks*, 26 Barb. 463; *Burwell* v. *Knight*, 51 Barb. 267; *Colwell* v. *Bleakley*, 1 Abb. Ct. App. Dec. 400; *Campbell* v. *Consalus*, 25 N. Y. 613; *Sweet* v. *Tuttle*, 14 N. Y. 465; *People* v. *Johnson*, 38 N. Y. 63; *Slauson* v. *Englehart*, 34 Barb. 198; *Campbell* v. *Butts*, 3 N. Y. 173; *Thompson* v. *Wood*, 1 Hilt. 93; *Jones* v. *Underwood*, 13 Abb. Pr. 393;

*Hughes* v. *Alexander*, 5 Duer, 488; *Cromwell* v. *County of Sac*, 94 U. S. 351; Wells Res Adjudicata, 4, 8, 9, 333).

The defense set forth in the present action is an agreement consisting of independent promises or conditions subsequent. For breach of it the plaintiff did not lose his right of action for rent entirely, but is only liable to the defendant for the amount of damages sustained thereby, which might be recovered in an action brought by the defendant against the plaintiff, or be counter-claimed or recouped in any action for rent which should be instituted by the plaintiff against the defendant.

The case is no different in principle or in substance from what it would have been been if the whole transaction had been put into a written lease, instead of resting entirely in parol. In such a case there would be, on the one hand, the covenant to pay rent by the defendant, and on the other hand, the covenants by the plaintiff to make the said repairs, which last-named covenants most clearly would be independent covenants or conditions subsequent (*Myers* v. *Burns*, 35 N. Y. 269; *Cook* v. *Soule*, 56 N. Y. 420).

This is a defense, therefore, which the appellant might have produced, but which he was not bound to produce; and it is not *res adjudicata* by the suit before Justice Seaton, for the reason that no such question was in any manner inquired into or examined in that suit.

The proceedings before the justice are not *res adjudicata* upon this defense, for the reason that the appellant was not present thereat in any manner either in person or by proxy.

The law does not recognize in justices' courts any attorneys in the technical sense of the word (*Cohen* v. *Dupont*, 1 Sandf. 260). Consequently the authority of any person who appears in behalf of an absent party, plaintiff or defendant, in those courts, must be proved, and proved clearly (*Gaul* v. *Groat*, 1 Cow. 113; *Tullock* v. *Cunningham*, Id. 256; *Fanning* v. *Trowbridge*, 5 Hill, 428; *Hirshfield* v. *Landman*, 3 E. D. Smith, 208). This authority may be by parol, and is provable by the attorney himself (*Caniff* v. *Myers*, 15 Johns. 246; *Tullock* v. *Cunningham*, 1 Cow. 256; *Pixley* v. *Butts*, 2 Cow. 421).

But the justice has no right to decide from his own knowledge or act upon information which he has received out of court (*Beaver* v. *Van Every*, 2 Cow. 429; *Fanning* v. *Trowbridge*, 5 Hill, 428; *Timmerman* v. *Morrison*, 14 Johns. 369; *Wilcox* v. *Clement*, 4 Den. 160). The party in whose pretended behalf an unauthorized person has acted may repudiate his interference (*Miller* v. *Larmon*, 38 How. Pr. 417). The doctrine of some of the older authorities that the appearance of an attorney for a party in a court of record is conclusive evidence of his authority to appear, is now thoroughly exploded (*Porter* v. *Bronson*, 19 Abb. Pr. 236; *Bean* v. *Mather*, 1 Daly, 440).

*A. Prentice*, for respondent.—The plaintiff was compelled to prove his case on the trial before the justice of the peace, and he did so. The defendant's counsel relied upon the cross-examination of the plaintiff; and on such cross-examination, the plaintiff denied making any agreement to repair the grapery. It thus appeared that the alleged agreement to repair the grapery, upon which the counter claim is placed, was not, in fact, made. It further appeared that the letting was not conditional upon any such repairs. That disposed of all there is in the answer in this case, and having once been tried, and final judgment rendered and paid, it was an end to the defense interposed in this case (*Gates* v. *Preston*, 41 N. Y. 113; *Blair* v. *Bartlett*, 75 N. Y. 150; *Newton* v. *Hook*, 48 N. Y. 676). The judgment before the justice was final as to all matters which might have been tried, as well as to those which were in fact tried (*Bloomer* v. *Sturges*, 58 N. Y. 176; *Smith* v. *Smith*, 79 N. Y. 634).

VAN BRUNT, J.—[After stating the facts as above.]—The objections which were made to the ruling of the court below are these :—

*First.* That it was error to hold that the proceedings before the justice upon Staten Island were a bar to the defense interposed in this action; and

*Secondly.* Because the proceedings before said justice could not be considered on this trial, for the reason that the appellant was not present there either in person or by proxy.

The counsel for appellant has discussed with great ability and has examined the authorities with great diligence relating to the question as to what makes a question *res adjudicata,* and when it is not, and has called our attention to the opinion of Mr. Justice FIELD, as delivered in the case of *Cromwell* v. *The County of Sac* (94 U. S. 351), as containing an epitome of the whole law on this particular subject ; and he quotes as follows :—

" There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties, upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to every other admissible matter which might have been offered for that purpose. . . . The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy.

" But where the second action between the same parties is based upon a different claim or demand, the judgment in the prior action operates as an estoppel, only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.

" In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit from a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.

" It is not believed that there are any cases going to the extent that, because in the prior action a different question from

Tysen *v.* Tompkins.

that actually determined might have arisen and been litigated, therefore such possible question is to be considered as excluded from consideration in a second action between the same parties on a different demand, although loose remarks looking in that direction may be found in some opinions.

" On principle, a point not in litigation in one action, cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action. Various considerations other than the actual merits may govern a party in bringing forward grounds of recovery or defense in one action, which may not exist in another action upon a different demand, such as the smallness of the amount, or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these, ought not to be precluded from contesting in a subsequent action other demands arising out of the same transaction. A judgment by default only admits for the purpose of the action the legality of the demand or claim in suit. It does not make the allegations of the declaration or complaint, evidence in an action upon a different claim."

This decision is entirely in harmony with the decisions of the courts in this state as contained in the cases of *Davis* v. *Tallcot* (12 N. Y. 184), *Gates* v. *Preston* (41 N. Y. 113), *Blair* v. *Bartlett* (75 N. Y. 150).

For the decision of the questions involved upon this appeal, it seems to me entirely unnecessary to discuss whether Mr. Rawson had or had not the authority to appear upon the trial of that action. Even if no answer had been made by the defendant to the complaint of the plaintiff before the justice, the judgment of the justice would have been final as to the defense set up in the answer of the defendant in this action, for the reason that the judgment in the justice's court was an adjudication that the premises had been rented by the plaintiff to the defendant at the rate of $1,200 a year, and that the plaintiff had performed all the conditions of such letting upon his own part, if any there were.

The answer of the defendant in this case alleges that it was *mutually* agreed that the plaintiff should do certain repairs as the condition of the defendant's leasing the premises. It would have been necessary, if that agreement had been established, for the plaintiff to have proved, before he could have recovered a dollar of rent, that he had complied with the terms of the agreement as far as the conditions were concerned which he had agreed to fulfill, and upon the failure of such compliance his complaint must necessarily have been dismissed.

Now the result of the justice's judgment was either an adjudication that there were no conditions upon his part to be performed, or that, if such conditions formed part and parcel of the contract, he had performed them. In other words, it was an adjudication that, as the parties then stood, the, plaintiff was entitled to recover upon that lease.

This brings the case precisely within the language of Mr. Justice FIELD, who says, that " The language, therefore, which is so often used, that a judgment estops, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy." In the case at bar, as has already been stated, the adjudication of the justice's court, even if it had been by default, would have been an adjudication that the plaintiff had a right to recover rent upon that lease.

But it may be said that the allegations of the defendant in this action are set up in his answer, not only as a defense, but as a counter-claim. The answer to this suggestion is that those allegations are set up as establishing an agreement, and if the agreement was mutual, then the adjudication, as has already been said, was an adjudication that the plaintiff had complied with the terms of the agreement as far as he was concerned.

An examination of the case of *Davis* v. *Tallcot*, entirely sustains this view of the law. But we may go further and hold that the precise question involved in this case was litigated before the justice of the peace. The answer which the defendant makes to this suggestion is, that although by the

Tysen *v.* Tompkins.

record it does appear that that defense was interposed, and that the plaintiff was cross-examined upon it, yet that there is no evidence that the attorney who appeared for the defendant in that action had any authority to put in such an appearance. Upon the return day of the summons the defendant appeared personally and his answer was filed. Upon the adjourned day this attorney appeared and asked for an adjournment, which was denied, and then the trial proceeded.

I have examined all the authorities which have been cited by the counsel for the appellant upon this appeal in reference to the authority of the attorney to appear, and I find no case in which an adjudication has ever been disturbed or a record has ever been discredited because of the want of the authority of the attorney to appear, unless the defendant has not only disclaimed such authority, but has satisfied the court that the attorney had no authority to appear. The record in this case contains nowhere any disclaimer upon the part of the defendant of the authority of Rawson to appear for him, and upon the contrary, the question put by the counsel for the defendant at the sixty-fifth folio of the case, seems to show conclusively that the defendant at that time had no idea but what the attorney who appeared for him in the justice's court had the right to appear for him ; and it would seem that the point of the want of authority of the attorney to appear was not then even suggested or thought of.

Under these circumstances it would seem to be a great departure from the rule established by the authorities to invalidate a judgment because the plaintiff did not show a fact which was peculiarly within the knowledge of the defendant, that his attorney had the power to appear for him.

The judgment must be affirmed with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment affirmed, with costs.