## JOHN J. CRANDALL

*v.*

## JOHN B. GROW.

Complainant gave a note to defendant, in consideration of a contract to print a book, and made several payments thereon. He recovered a judgment at law against the defendant for defective performance of the contract. He has received and still holds the benefit of the contract.—*Held*, that defendant would not be required to surrender and cancel the note unless complainant would credit on his judgment the balance still due defendant on the note.

Crandall v. Grow.

Bill for injunction.   On final hearing.

*Mr. J. J. Crandall, pro se.*

*Mr. D. J. Pancoast*, for defendant.

BIRD, V. C.

These parties entered into an agreement under which Grow was to print a book for Crandall for the consideration of $1 per page for the larger and $1.50 for the smaller type, each form to be paid for as it came off the press.   Crandall alleges in his bill that Grow did not perform the contract in its terms and spirit, and that he brought suit against him because the book was printed upon an inferior quality of paper, and not in a workmanlike manner, and that he recovered judgment in the court of law for $300.   Crandall sets up in his bill that Grow holds his promissory note for $250, "and that the only and sole consideration in and for said note is a balance of about $130, intended for the printing of said book according to contract." The bill further alleges that said note is void in the hands of Grow, and prays for an injunction restraining him from transferring said note and for an order requiring him to surrender it to Crandall.   The injunction was allowed.   And now, upon final hearing, the question is whether or not the note shall be declared void in the hands of Grow, and he be compelled to surrender it to Crandall, without having credit for the amount still due upon it on the judgment which Crandall recovered against him.   Crandall insists that he is entitled to the benefit of the verdict of the jury, which gave him $300 by way of damages for breaches of the contract, and also to have the note surrendered to him as void, and to keep the book, which was printed by Grow and delivered to Crandall.   In other words, it is urged that Crandall is entitled to all he had received directly from Grow, or all that he may yet receive through the verdict of the jury without the least liability on his part to pay for so much of the work as he has received and appropriated to his own use. To sustain this view, reference is made to *Ellis* v. *Hamlen, 3*

*Taunt. 52; Smith* v. *Brady, 17 N. Y. 173; Cutter* v. *Powell, 6 T. R. 320; Haslack* v. *Mayers, 2 Dutch. 284; Bennett* v. *School Trustees, 3 Dutch. 513; Bellinger* v. *Craigue, 31 Barb. 534; Davis* v. *Tallcott, 12 N. Y. 184; Gates* v. *Preston, 41 N. Y. 113; Blair* v. *Bartlett, 75 N. Y. 150; Dunham* v. *Bower, 77 N. Y. 76.*

I think that we will get at the right view of this case if we consider that the complainant is in a court of equity asking relief, and take for our standard the maxim that " he who asks equity must do equity." In this case Crandall has accepted the book, and has recovered a verdict of $300 for the unfaithful performance of the contract, and now comes and insists that this court shall give him $130 (or about that sum) in addition. I can see no reason for taking any such step in this case, after what the jury has done for Crandall. I submit that this case may be likened to that of borrower and lender under a usurious contract, in which, if the lender comes into court, the borrower can safely insist upon the enforcement of the penalty; but if the borrower comes in he will be required to pay what is really and *bona fide* due. *Hudnit* v. *Nash, 1 C. E. Gr. 550.*

Let it also be considered that this work was performed in parts, and was to be paid for in parts—that is, the book was to be printed in larger and smaller type, and was to be paid for as each part came off the forms—and it nowhere appears that Crandall made any objections to the work or refused to receive it. And besides this, Crandall has recognized, to some extent at least, the divisibility of the contract by his payment, not only in giving the note, but in making payments upon it.

I will advise a decree that Grow surrender the note, and that Crandall give him credit for the amount still due thereon upon his judgment. Crandall is entitled to costs.