Nehrbas, J.
—This is an action for rent for the months of March and April, 1886, under a yearly hiring. A previous suit for the rent of February, 1886, resulted in a verdict for the plaintiff. In that case the main question litigated was whether the defendant or the Manhattan Stamping Works, a corporation, was Hable for the rent, which was payable at the end of each month and not in advance. An appeal was taken from the judgment thus obtained, which was affirmed by the general term of this court, and the judgment has since been paid.
In the casa at bar the defense urged is that the plaintiff failed co perform his agreement by neglecting to provide steam power for the defendant’s machinery, steam heat to heat the premises, sufficient Croton water, and other requisites agreed to be furnished by the plaintiff. These facts are claimed to constitute an eviction. We think not.
Suppose the landlord had refused to give the tenant possession of the premises after the execution of the lease, could that he held to be an eviction ? Certainly not. So here the landlord failed to perform his part of the lease. He was guilty of a breach of his contract. There is a marked distinction between a failure to live up to an agreement made and an eviction. The latter pre-supposes some act on the part of the landlord not directly connected with the lease, which interferes with the beneficial enjoyment by the tenant. As, for example, when the landlord has either excluded the tenant from the possession of the demised premises, after having permitted him to enter into possession, or has been guilty of acts rendering a continuance of possession by him impossible. Such acts, when followed by the removal caused in consequence thereof, amount to a constructive eviction, and are in law equivalent to an actual ouster of the tenant by the landlord. The refusal of the lessor to comply with the terms of the letting on his part cannot be considered in law an eviction, nonperformance of conditions precedent, if pleaded and proved, may be a complete defense to an action for rent, and should *678 be pleaded as such whenever suit is brought to recover rent. This the defendant had the opportunity to do in the action for the February rent, but he failed to avail himself of that opportunity, and the judgment in that suit is, therefore, a complete bar here, so far as that defense is concerned. Griffin v. Long Island R. R., 102 N. Y., 449; 2 N. Y. State Rep., 454; Pray v. Hegeman, 98 N. Y., 351; Tysen v. Tompkins, 10 Daly, 244.
• If the plaintiff had been guilty of any acts, which in law would constitute an eviction, these acts should have been pleaded in the action for the February rent. For the evidence discloses that the rent for that month was payable at the end thereof, and that the defendant had entirely removed from the premises the first day of March. His defense of eviction, if any he had, was complete on that day, inasmuch as an action for the rent did not accrue until the day following. Germania Fire Ins. Co. v. Myers, 8 N. Y. State Rep, 349.
We must, therefore, re-affirm our opinion rendered on the previous appeal in this action, and ratify the direction of the chief justice at the trial term.
The judgment is affirmed with costs.
Ehrlich, J., concurs.