---

## *In re* CRISE'S ESTATE.

*(Surrogate's Court, Cayuga County.* September 24, 1889.)

**1. TRUSTS—DECLARATION—EVIDENCE.**
   C. delivered to A. $1,210, taking the latter's acknowledgment, which stipulated that the money was to be invested for the benefit of C.'s daughter H., and the interest thereof paid to her for the support of herself and children when C. should decide that she needed it. *Held*, not a declaration of trust such as to prevent C. from thereafter collecting and using the money; as, to constitute a trust, the language used must be clear and unequivocal.

**2. SAME.**
   It was shown that C. had given his other children advancements, and had expressed the intention to advance H. equally, and that on the day that he delivered the money to A. he took a receipt from H. for the same amount, in which the sum was called an "advancement." H. for some time retained the paper signed by A., but at C.'s request delivered it to him, and at C.'s death the receipt given him by H. was in the latter's possession, but when she obtained it did not appear. A. opened an account with H. as her trustee, as he did with C.'s other children, for whom money had been deposited with A., but it was not shown that C. knew that

fact. H. never made use of principal or interest, and C. himself appropriated the money. *Held,* that the evidence did not establish a gift to or trust for H. in the money, and C.'s executors were therefore not liable to her therefor.

3. SAME—RES ADJUDICATA.

The failure of H. and her children, who were beneficiaries under C.'s will, to file their claim against the executors in a settlement to which they were cited as parties, would estop them from afterwards claiming the money.

*William P. Sisson* and *James R. Cox,* for petitioners.　*William B. Woodin* and *Charles M. Baker,* for executors.

TELLER, S. The petitioners, Mary Ann Hillman and Eddie C. Hillman, filed a petition April 23, 1889, in this court, asking that the executors, Henry G. Crise and D. Pulaski Mersereau, be required to appear and render an account, and pay the petitioners certain moneys alleged to have been held by said decedent, William Crise, at the time of his decease, as trustee for the benefit of the petitioners. William Crise died December 9, 1881, leaving a last will and testament, which was admitted to probate by the surrogate of this county on the 31st day of January, 1882, upon which day letters testamentary were issued to said executors. An inventory of the personal property of the decedent was filed March 30, 1882. The amount of the personalty, as shown by the inventory, was $17,105.87. By his will, the testator gave all his property to his executors, in trust to convert into cash as soon after his decease as they may deem best for the interest of his estate, and to divide the same equally among his children, except the said Mary Ann Hillman, and to retain in their hands one-sixth part of said estate, and invest the same safely at interest, and pay over the income thereof to said Mary Ann Hillman for the support of herself and family during her life-time, and, at her death, to pay over the principal sum, and any balance of interest, to the children of said daughter then living, and the descendants of deceased children. The executors were authorized to purchase for the use of said daughter a house and lot out of said share, to be used by her during her life, and to pass to her children in fee upon her decease. The testator was at the time of his death the owner of a farm of 210 acres of land. The testator, within a few years before his death, gave to each of his children, except Mrs. Hillman, the sum of $1,000. On the 1st day of April, 1872, the testator delivered to one E. W. Arms, of Aurora, who had acted as agent for him in making loans of money, etc., the sum of $1,210, and took from him a receipt in the following words: "$1,210. I have in my possession twelve hundred and ten dollars, in trust from William Crise, to invest for the benefit of his daughter Mary Ann Hillman; the interest of which only to be paid to her when said Crise thinks she needs it, for the support of herself or her child. Dated, Aurora, April 1, 1872. E. W. ARMS." A receipt in the handwriting of said Arms, bearing the same date, was presented to Mrs. Hillman by the testator, and signed by her. It was produced in evidence, and is as follows: "$1,210. Rec'd, Aurora, April 1st, 1872, of William Crise, twelve hundred and ten dollars, being an advance by him to me of $1,000, and interest on same from April 1st, 1869, to make me equal with advances then made to his other children. MARY A. HILLMAN." This receipt was in the possession of Mrs. Hillman at the time of the death of her father. The paper signed by E. W. Arms was left in Mrs. Hillman's possession several years, when the testator sent one of his children for it. It was delivered to the testator, and was subsequently found among the papers of E. W. Arms after his decease. At the time of the delivery of this paper to Mrs. Hillman, the testator said it was money he had left in trust with E. W. Arms, to make her equal with the other children. The delivery of the receipt by Mrs. Hillman to her father appears, if made at all, to have been subsequent to the delivery of the paper to her, signed, "E. W. ARMS." When the receipt was returned to her does not appear. An account is shown to have been kept by said Arms with

William Crise, and with each of his children. The accounts of three of the children, Sally Ann Watkins, Ann Elizabeth Watkins, and Rachel E. Allen, are each opened with a credit as follows: "1866, April 1. By amt. of William Crise, (gift,) $1,000." The account of Henry G. Crise contains a credit of April 1, 1866: "By amt. of William Crise, (gift,) $1,002.92." The account of Charlotte Crise contains a credit of the same date of $472.78, by cash left by William Crise, and theretofore invested. It also shows the purchase of a piano for her at $372, and other credits in 1867 and 1868; making altogether about the same amount. The account kept by Mr. Arms with Mary Ann Hillman was opened April 1, 1872, with the credit: "By amt. from father, (William Crise,) in trust for you to invest. R. $1,210." On April 1st of each following year appears a credit of interest; and on April 1, 1875, the account appears to have been balanced by a charge as follows: "Transferred & Cr. William Crise, ac. to bal. $1,482.30." Upon the account kept by Mr. Arms with William Crise, of date April 1, 1875, appeared the entry: "By amt. Ann Hillman's ac., set apart for her April 1, '72, $1,210, and the int. on same, $1,482.30." The same day a charge appears to have been made in the same account: "To amt. lent on David C. Auble, B. & M. $2,357.09." The account also shows that the interest upon this mortgage was subsequently collected by E. W. Arms, and credited to William Crise.

It is shown by the testimony of Mrs. Mersereau (formerly Charlotte J. Crise) that her father, William Crise, had said to her that he had given four of his children (naming them) some money, and that he was going to place some money in Mr. Arms' hands for Mrs. Hillman, to be paid to her if he (William Crise) saw fit. This was prior to April 1, 1872. Afterwards she heard her father say he should not give it to her. On or about April 1, 1872, William Crise gave to each of his children, except Mrs. Hillman, an additional $1,000. The will of William Crise is dated October 19, 1872. He died on the 19th day of December, 1881. The inventory of the personal property was filed March 30, 1882. A codicil to the will was made and published May 23, 1877, appointing D. P. Mersereau (the testator's son-in-law) an executor of his will, in place of E. W. Arms, then deceased.

On the 29th day of May, 1884, the executors appeared in this court, and filed waivers of citation to the judicial settlement of their accounts from all the children of the decedent, including Mrs. Hillman, and also waivers of Eddie C. Hillman and Lillian C. Hillman. Eddie C. Hillman is the only child now living of the said Mary Ann Hillman, and one of the petitioners in the present proceeding. An account was filed by said executors the same day, and a decree was granted settling the same. Said decree was not entered at the time of the filing of the petition in this proceeding, but it has since been prepared, and entered May 28, 1889, as of the 29th of May, 1884. The executors, upon said accounting, were charged with the sum of $20,270.14, being the amount of the personal property inventoried, together with the increase thereon. They were credited with $1,113.04, paid for debts and expenses of administration, and with the sum of $16,134.25, distributed among legatees; leaving the sum of $3,022.85 in their hands as trustees for Mary Ann Hillman, under the provisions of the will. Upon the present proceeding, the executors have filed their account, (May 21, 1889,) showing the receipt by them, since the former accounting, of $3,263.70, (made up principally of the avails of farm produce,) and crediting themselves with the sum of $2,867.30, paid out for expenses of administration, and distributed as income to the parties entitled under the will; also charging themselves with farm stock and produce held by them as executors jointly with one William J. Ryan. They also report that from the trust moneys above mentioned they purchased a house and lot for the use of Mrs. Hillman, May 29, 1884, the fee thereof to vest in her children, for which they paid $2,200; and that the balance of said trust moneys, viz., the sum of $822.85, is on hand, and invested for the use of the

*cestui que trust.* There is still under the control of the executors, who are given the power of sale thereof, a farm of 210 acres, which they are authorized to lease, and collect rents, make repairs, pay taxes and insurance, and manage generally as they may deem best for the interest of the estate. A sale is authorized at such time and upon such terms as the executors may deem best, except that it shall not be sold at public sale without the consent of two-thirds in interest of the persons entitled to the avails. The avails are to be paid in equal portions to the children of the testator, except the share (one-sixth) of Mrs. Hillman is to be retained and invested by the executors, who are to pay the income to her during her life, and, at her death, to pay the principal thereof to her children, etc.

It is claimed by the petitioners that William Crise, in depositing the fund of $1,210 with E. W. Arms, on the 1st day of April, 1872, transferred the beneficial interest therein to his daughter Mrs. Hillman and her children, and that the paper there signed by Mr. Arms, and subsequently delivered by Mr. Crise to Mrs. Hillman, is evidence of a declaration of trust in her favor. Assuming that the language of this instrument was adopted by Mr. Crise as expressing his intention, it must be construed to mean, as it states, that the interest of the fund alone was to be paid to Mrs. Hillman; and that, only, when the donor thought she needed it. No direction is made with regard to the principal, except that it was in trust from William Crise. It was to be invested for the benefit of his daughter as specified, *i. e.,* that she might have the interest when her father decided she needed it. I fail to find in this instrument evidence of a declaration of trust sufficient to pass the ownership of the principal fund. No intention is expressed to have the principal sum at any time turned over to Mrs. Hillman or her children. The donor reserved the right to dictate as to the interest, and his subsequent acts showed he believed he had the right to receive the principal. To create a trust, the acts or words relied upon must be unequivocal; and while a different interpretation may, with equal plausibility, be placed upon the transaction, it would not be proper to draw the inference that a trust was intended which divested the donor of all further ownership of the property. *Martin* v. *Funk,* 75 N. Y. 134; *Young* v. *Young,* 80 N. Y. 422; *Barry* v. *Lambert,* 98 N. Y. 306. The petitioners further say that the fact that the testator had given $1,000 each to his other children, and had talked of giving Mrs. Hillman the same sum in 1866 or 1867, to make her equal with his other children, and that, subsequent to the deposit with Mr. Arms, the testator delivered to her the paper signed "E. W. ARMS," stating that it would some time make her equal with the other children, and that he thereafter took a receipt from Mrs. Hillman for the amount of the deposit, which recited that it was an advance of $1,000, and interest on same from April 1, 1869, all show that it was his intention to create and declare a trust in favor of Mrs. Hillman which passed the equitable title to this fund to her. The entries in Mr. Arms' book of accounts are also referred to as confirmatory of this theory; but there is no proof to indicate that Mr. Crise either dictated these entries, or that he knew what they were. The objection to the theory of the petitioners is that the two written instruments bearing date of April 1, 1872, but delivered at different times, indicate quite different purposes on the part of William Crise. One shows an intention to invest the fund, and use the income for the benefit of Mrs. Hillman as the donor might direct. The other relates to an absolute gift. These purposes do not appear to have been concurrent, and there is no evidence of any delivery to Mrs. Hillman, or to any one acting for her. The subsequent surrender of the paper signed by Mr. Arms, the return by her father of the receipt signed by Mrs. Hillman, and the withdrawal of the fund from Mr. Arms' hands, show that the parties then understood that Mr. Crise continued to have control over the property; that it was still, in fact, in his possession. The only delivery had been to the agent of Mr. Crise, who continued to act

under his instructions. Neither the principal nor the interest was ever at the disposal of Mrs. Hillman. The evidence all leads to the conclusion that the testator intended to give his daughter the interest when he was satisfied she needed it for her support, and to give her the principal at some future time, but that he failed to make such delivery as to constitute a completed gift. The evidence does not establish such a declaration of trust as would transfer the title to the property.

I also think the petitioners are estopped by the proceedings upon the accounting had May 29, 1884, from setting up the claim that the testator held the fund in question, at the time of his death, in trust for them, or either of them. The petitioners were both parties to that proceeding. They both executed waivers of citation thereto, in which the proceeding is mentioned as the final judicial settlement of the accounts of Henry G. Crise and David P. Mersereau, executors, etc., of William Crise, deceased. The account then presented purported to include all the property belonging to the estate of the deceased which had come to the possession of the executors, or been received by any other person for their use, except the real estate. The latter did not in any manner represent the fund in question. The rights of the parties then and now before the court, as to the property in dispute, were involved in the distribution theretofore made, and which was in fact adjudged by the court to have been properly made. That the petitioner Mrs. Mary Ann Hillman, who now claims that a trust had been declared in her favor, knew at the time that the rights of the parties as to this property were being adjudicated, is shown by the fact that, upon the 3d day of April, 1882, when the executors paid the other children their distributive shares of the personal property, three of them gave Mrs. Hillman $333.33 each, because she had not received as much as the others,—that being one-sixth of the amount considered necessary to make her equal; and, had the other two children given the same amount each, Mrs. Hillman would have been made equal as to the principal. The account stated the amount of the balance at $3,022.85, which sum was held by the executors in trust for Mary Ann Hillman, in accordance with the will of said deceased. No objections were made to the account, and a decree was directed to be entered settling the same. There was therefore a judgment of a court, having jurisdiction of the parties and subject-matter, upon an issue involved in the proceeding, and the same was conclusive, and must be so held in this proceeding. *Davis* v. *Tallcot*, 12 N. Y. 184; *Blair* v. *Bartlett*, 75 N. Y. 150. An application has been made, pending this proceeding, to open the decree settling the account filed in May, 1884, but, so far as the question now under consideration is involved, I understand the application to have been abandoned; the attorneys for the executors consenting that, so far as any errors are concerned which appear upon the face of the account, such as mistakes in figures, they may be corrected upon this hearing. However, were the application for opening the decree, and a new trial of the question relating to the ownership of the alleged trust fund, properly before the court, I do not think the facts would justify the court in opening the decree. It is further submitted by the petitioners that the former decree did not adjudicate upon this trust, for the reason that the trust fund formed no part of the estate of William Crise. The answer to this proposition is that the fund in question appears to have been mingled with the assets of the decedent, and by his death the claimants lost any vested rights they might have had as owners of the property, and were remitted to the standing of mere creditors of the estate of William Crise. *In re O'Brien*, 45 Hun, 284. Being parties to the former accounting, they ought to have asserted their claim at that time. The account now presented will be settled, with such corrections as may be agreed upon, or hereafter directed.